WILLIAM JOSLIN, Executor, &c., *v.* CAUGHLIN and BROWN.

The probate court is vested with general jurisdiction in reference to the sale of personal property belonging to the estates of decedents; and may, consequently, in the exercise of a sound discretion, direct the sale of the personal effects in all cases in which a sale is necessary, for the general purposes of administration.

In a case where slaves shall have descended from a person dying intestate, and an equal division cannot be made, on account of the character of the property, the court of probate in the county where the administration of the estate was granted, may direct the sale of such slaves, and the disposition of the proceeds arising therefrom; according to the rights of the distributees. But it is provided, that before an order or decree directing the sale shall be made, each claimant shall be duly summoned to show cause, if any he can, against such sale. Hutch. Code, 661, § 82.

The power to order a sale of the personal estate of a decedent, for the purpose of distribution, does not necessarily constitute a part of the jurisdiction of the probate court.

A legatee derives his title to the bequest from the will; but a distributee bases his right to the estate upon the decision made pursuant to the statute of distribution.

In case of a devise or bequest of any portion of an estate, that portion undisposed of by will must first be applied to the payment of the debts. *Held,* that it was not intended to confer upon the probate court the right to direct the sale of property bequeathed, except where it is necessary for the preservation of the property.

If the probate court has jurisdiction to decree a sale of slave property bequeathed by will, where it is incapable of division; before a decree of sale can be made, the legatees must have due notice of such decree.

This authority of the probate court, if it exists, must be regarded as a special limited jurisdiction to the state of the case defined in the statute, and must be exercised in the mode therein pointed out.

The probate court can make no valid decree for the sale of slaves which were bequeathed by the testator with a view of distribution, unless the legatees claiming title to them are duly notified, which must be affirmatively shown by the record.

The rule in relation to the sale of personal property has been heretofore settled by this court; and the maxim, *caveat emptor,* applies in all cases, unless there is an implied or express warranty, or unless the vendor is guilty of a fraudulent concealment or representation in respect to a material inducement to the sale. 10 S. & M. 476, cited and confirmed.

This rule is applied with greater strictness in the sale of property by an administrator or executor; for in no case will a warranty of soundness be implied from the price at which the property was sold.

In error from the circuit court of Lafayette county; Hon. Hugh R. Miller, judge.

A sufficient statement of the facts of the case will be found in the opinion of the court, and the points made by counsel.

The appellant assigns the following causes of error: —

1. The overruling the demurrer to the plea of failure of consideration.

2. Because the court below ought to have granted a continuance of the case, to give the appellant time to file rejoinders to appellees' pleas.

3. Because the court below had no authority to instruct the counsel for appellees to put the case to the jury, after the counsel for appellant refused to appear in the case.

*J. F. Cushman* for appellant.

The demurrer filed to the answers of appellees to the complaint ought to have been sustained by the court below, because the defendants could not plead the want of title in the slave sold whilst in the quiet possession of the slave, without any allegation of fraud in the vendor; for even a covenant of general warranty, or for quiet enjoyment, is not broken without eviction from possession.

In the sale of chattels, the purchaser cannot resist payment in cases free from fraud, while the contract continues open and he has possession.

The executor conveyed the purchaser such title as John Joslin, deceased, had in the slave; and at the sale he made no warranty, either of title or the soundness of the slave. The maxim of *caveat emptor* applies as well to sales made by executors as by other persons; and I contend it ought to be applied with more strictness in sales by one acting in a representative capacity. 2 Kent, Com. 600; Ib. 608; Ib. 16; *Smith* v. *Winston,* 2 How. 601; 10 S. & M. 476.

It is a well-settled rule of law, that purchaser without covenants takes all the risks of title. 2 Thomas' Coke, 355; 2 Caines; 1 Johns. Ca. 213; Ib. 523.

It is a question worthy of consideration, whether the probate court has any authority, under any circumstances, to order a sale of property devised to legatees by will, where it is not necessary to sell it to pay debts due from the deceased. Hutch. Code, 662, § 84; Ib. 655, § 40; Ib. 669, § 109. No such authority is given the court by the wording of the statute; and if such be the proper construction of it, then the acts of the probate court, in ordering a sale of the slaves, are void *ab initio;* and the sale stands good as if made by the consent of the legatees themselves.

The plaintiff in error had the unquestionable right to show constructive notice to the heirs of Joslin, deceased, provided they had not received positive notice of the order of the probate court for the sale of either real or personal property; and this court has so decided in several cases. *Campbell* v. *Brown,* 6 How. 230; *Moore* v. *Cason,* 1 Ib. 53.

The court below ought to have continued the case for the

Joslin *v.* Caughlin and Brown.

reasons set forth in the affidavit of the counsel of plaintiff in error, as it was the first application for a continuance, and no possible injury could have accrued to the defendant by a continuance of the case one term, and that, too, when it was of more importance to the plaintiff in error (who was plaintiff below) to try the case, than it was to the defendant. The affidavit made by plaintiff's counsel, showed sufficient cause for a continuance in the court below.

It has been determined in several other States, as well as our own, that where a party has been unable to present the merits of his cause to the jury, a new trial should be granted ; or if manifest injustice, to a reasonable certainty, has been done, or the verdict of the jury is unreasonable and unjust, a new trial will be granted, although the verdict may appear to be fair and equitable. *Jones* v. *Fennemore*, 1 Green (Iowa) 134; *Houston* v. *Gilbert*, 3 Breva. 63; *Taylor* v. *Sorsby*, Walker, 97.

It has been frequently decided by this court, that it will do what the court below ought to have done. Certainly the court below had no power to authorize the defendants' counsel to put the case to the jury, when the counsel for plaintiff below refused to appear in the case. Such a proceeding is one that I humbly think was never before heard of in a court of justice. The only thing the court below could do, when no counsel appeared for the plaintiff, was either to continue the case, or strike it from the docket, for want of prosecution. This was the extent of the judge's power.

*C. S. Tarpley* on the same side.

*Howry* and *Hayes* for appellees.

The pleadings in this case are to be governed by the act of 1850, p. 58, § 3, 4, which act requires special causes of demurrer to be assigned in all cases of demurrer. The first cause assigned in the demurrer, that defendants are in the quiet, unmolested possession of the slave, is not a sufficient cause; for the complaint or answer does not show any such fact. It should have been presented to the court by replication to the answer.

In public sales, by executors or administrators, of personal

12*

goods of the testator, made by order of the probate court, there is no implied warranty of title; and even an express warranty, made by an executor or administrator, will not bind the estate; and the vendee, when ousted of the possession of the chattel sold, is without remedy. Hence he is permitted to show that the vendor had no title to the chattel he sold, when suit is brought for the purchase-money.

The order of the probate court which decreed the sale of the negroes, did not communicate any title to the defendants, because it was obtained without authority, there being no legal notice given to the claimants or legatees of John Joslin, deceased. How. & Hutch. Code, 661, § 82.

The demurrer admits that the claimants or legatees had no notice of the application for the order of sale of the slaves; and the order of the probate court was made without notice given to the claimants or legatees, as required by the statute cited. Upon a well established principle, this order of the probate court is void, and, consequently, all proceedings under it a nullity. *Gwinn* v. *Mc Carroll*, 1 S. & M. 351; *Graves* v. *Williams*, 2 Ib. 286; *Prentiss* v. *Miller*, 1 Ib. 521; 7 Ib. 85. Notice must be given, actual or constructive. Hutch. Code, 667, § 102.

It has been decided by this court, that a sale of land for division cannot be legally made without due notice, summoning the claimants; and without such notice, the sale is void. This point, it is thought, is analogous to the one under consideration. 1 How. 439; 6 Ib. 272; Ib. 230.

Partial failure of consideration may be pleaded. 1 Cushm. 320.

The power of the circuit court to grant continuances, is entirely discretionary, and its refusal to grant them is no ground of error. *Babcock* v. *Scott*, 1 How. 100; Ib. 315.

The plaintiff's counsel, (Cushman,) after the refusal of the court below to grant a continuance of the cause upon his affidavit filed, withdrew from the cause, and refused to put the case to the jury, or have any thing to do with the trial of the cause. The court instructed the defendants' counsel to put the case to the jury, which they did. The failure of the plain-

Joslin *v.* Caughlin and Brown.

tiff to appear in court by himself or counsel, is no cause of error. He having failed to do so, he must meet the consequences of that act, because he knew he had a case in court.

Mr. Chief-Justice Smith delivered the opinion of the court.

This was an action brought in the circuit court of La Fayette county, by the executor of John Joslin, deceased, on a sealed note, made payable to him as such executor.

The defence set up was a failure of consideration in the note. It was alleged in the answer to the complaint, 1st. That the note in suit was given for a certain slave, which was sold at an administration sale by the executor, and purchased by the defendant Caughlin. That the slave thus sold, and which was the sole consideration of the note, was bequeathed, with several other slaves, to his sons and daughters, by the said testator, to be equally divided amongst them; the division to be made by three disinterested persons, to be selected by the executor.

2d. It was further alleged, that a decree for the sale of all of the said slaves was made by the court of probates for said county, upon the application of the executor, who represented to the court, that an equal division, in kind, could not be made of them; that the said decree was made without notice to the divisees under the said will; and that the sale of said slaves, including the slave which was the consideration of the note, was made by virtue of and in execution of the said decree.

3d. It was also further averred in the answer, that the said slave, " at the time of the said sale was unsound and of little value." There was another ground of defence set up, which it is unnecessary to notice.

The plaintiff demurred severally to the defences alleged in the answer; and the demurrer was overruled as to the defences above stated.

The court of probates is vested with general jurisdiction in reference to the sale of personal property belonging to the estates of deceased persons; and may, consequently, in the exercise of a sound discretion direct the sale of the personal effects in all cases, in which a sale is necessary for the general pur-

poses of administration. The court may, upon the application of the administrator *ad colligendum*, order the sale of property which is of perishable nature. It may, upon a proper showing, direct the sale of a growing crop. And the court may, also, in all cases, in which it is necessary for the payment of the debts, order a sufficient amount of the personal effects to be sold. Hutch. Dig. 662, § 84; Ib. 655, § 40; Ib. 669, § 109; and in a single case specified in the statute, where the object is neither the preservation of the property nor the payment of the debts of the estate, the court may order a sale of a certain description of personal property. This case is where one or more slaves shall have descended from a person dying intestate, and an equal division thereof cannot be made, in kind, on account of the character of the property. In such case it is competent for the court of probates of the proper county in which administration of the estate was granted, to direct the sale of such slave or slaves, and the disposition of the proceeds arising therefrom, according to the rights of the distributees. But it is expressly provided, that before an order or decree directing the sale shall be made, " each claimant shall be duly summoned to show cause, if any he can, against such sale." Hutch. Dig. 661, § 82.

The power to order a sale of the personal estate of a decedent, for the purpose of a distribution, does not necessarily constitute a part of the jurisdiction of our courts of probate; and there are many valid and satisfactory reasons, why an unlimited discretion to direct a sale for that purpose, of the slave property of a decedent, should not be vested in those courts. Hence, as there has been specific legislation on the subject, and the conditions stated on which the power may be exercised, and express directions given as to the forms which should be observed before it can be exerted, it follows, that, in all other cases, not embraced within the language and intent of the statute, the power does not exist.

The statute above referred to, in terms applies only to cases in which slaves belonging to a person dying intestate, have descended. There is a manifest difference between a legatee under a will, and the distributee of an intestate's estate. In

the one case, the foundation of his title is the bequest contained in the will; in the other, the right is based upon the division made pursuant to the statute of distributions. The whole of the estate of a decedent is charged primarily with the payment of his debts; but in the case of a devise or bequest of any portion of the estate, that portion undisposed of by will must first be applied to the payment of the debts. We think, therefore, that it was not intended to confer upon the court of probates, the right to direct the sale of property bequeathed, except where it is necessary for the preservation of the property itself, for the simple purpose of a distribution. But if it were conceded, that the court has jurisdiction to decree a sale of slave property bequeathed by the will of the testator, where it is incapable of a division in kind, we deem it evident, that, before a decree for that purpose can legitimately be made, the legatees must have due notice.

The authority of the court, if indeed it do exist, in such cases, must be regarded as a special jurisdiction limited to the state of case defined in the statute. And hence it must be exercised in the mode therein pointed out. Regarded in that light, it is exactly analogous to the power of the court in regard to the sale of the real estate of a decedent, for the payment of the debts, or for a division. And, putting it on that footing, it is clear that the court can make no valid decree for the sale of slaves, which were bequeathed by the testators, with a view to distribution, unless the legatees, claiming title to them, are duly notified; and which fact must be affirmatively shown by the record.

In the case before us, the facts admitted by the demurrer show, that the legatees under the will were not duly summoned, before the order for the sale was made. The court, therefore, had no jurisdiction of the parties who were to be affected by the order or decree. The decree was consequently a nullity, and no title passed under the sale made pursuant to it. Hence, the consideration of the note had entirely failed. There was, therefore, no error in the decision on the demurrer to the two first grounds of defence.

But we are of opinion that the court erred, in overruling the

demurrer to the third plea or ground of defence set up in the answer.

It is not pretended that there was any express warranty of soundness, or that there was any deceit practised by the plaintiff in making the sale, or any fraudulent concealment of the alleged unsoundness or want of value in the slave.

The law in relation to the sale of personal property is well understood, and has been repeatedly settled by this court. The rule is, that the purchaser buys at his own peril, *caveat emptor*, unless there is an express warranty, or unless the law imply a warranty from the circumstances of the case, or the nature of the commodity sold; or unless the seller be guilty of a fraudulent concealment or representation in respect to a material inducement to the sale. Story on Sales; 10 S. & M. 476.

In the sale of property at an administrator's sale, the doctrine of *caveat emptor* is applied with great strictness. And in no case will a warranty of soundness be implied from the price at which the property was sold.

Let the judgment be reversed, the cause remanded, a new trial awarded.