LUMBERMEN'S SUPPLY CO. *v.* POPLARVILLE SAWMILL CO.

[78 South. 157, Division A.]

1. SALES. *Implied warranty. Merchantability. Suitability.*
   Where a sawmill company purchased from a supply company an endless rubber belt for use in its sawmill, there was an implied warranty on the part of the seller that the belt was of merchantable quality, and suitable for the purpose for which it was to be used.

2. SALES. *Breach of warranty. Acceptance. Termination of warranty.*
   The continued use of the belt in such case by the purchaser after its unsuitable and unsatisfactory condition was discovered, in the absence of notice of rejection and return or offer of return to the seller, constituted an acceptance on the part of the purchaser.

3. SALES. *Implied warranty. Acceptance. Termination of warranty.*
   If there was a failure of warranty on the part of the seller of an endless rubber belt in respect to the length of service the belt would give or its fitness and merchantable quality, the buyer should have rejected and returned or offered to return the belt within a reasonable time after it discovered the condition, otherwise the implied warranty was terminated by the acceptance, and where it failed to return the belt and the seller sues for the purchase money, the buyer cannot repudiate the contract after having had valuable and continued use of the belt with knowledge of its objectionable condition.

Appeal from the circuit court of Pearl River county. Hon. A. E. Weathersby, Judge.

Suit by the Lumbermen's Supply Company against the Poplarville Sawmill Company. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Wm. W. Shipman,* for appellant.

Where a purchaser is dissatisfied with the property and wishes to rescind, he must return within a reasonable time, and he will waive the right to do so by subsequent use."

In *Ware* v. *Houghton,* 41 Miss. 370, this court held that if the purchaser has the right to avoid the sale for any cause such as defect in title or quality, he may proceed in two ways: keep the property (if there has been a warranty of title or quality), and defend the action by showing partial failure of consideration and a breach of warranty to that extent; or he may rescind the contract by return of 'the property. In the instant case, there being no warranty, etc., the court said that the question presented on the record is, whether, in such cases, any excuse will be admitted for not returning the property, and if so, whether the excuse stated in the plea is sufficient; that the rule is, "If the purchaser elect to treat the sale as a nullity, he must forthwith return, or tender back, the subject-matter of the sale, or give notice to the vendor to take it back; for if the purchaser keeps it an unreasonable time, or uses it, he cannot afterwards treat the sale as a void sale, and recover the purchase money on the ground of failure of consideration." (Citing: Addison on Con., 273.) "And he must put the other party *in statu quo* by an entire surrender of possession and of everything he has acquired under the contract. (Citing: *Voorhees* v. *.arl,* 2 Hill (N. Y.), 288, 1 Denio, 69.) "And if one party has already received benefit from the contract,

he cannot rescind it wholly, but is put to his action for damages." (Citing: Storey on Con. (1080), sec. 977.) "A contract cannot in general be rescinded *in toto* by one of the parties where both cannot be placed in identically the same situation which they occupied when the contract was made." (Citing: Chitty on Con., 815, 698, 691, 485.) We do not find the doctrine anywhere stated that a purchaser can, in any case or under any circumstances, rescind the contract, without a return of the property. The very idea of rescinding a contract implies that what has been parted with shall be restored on both sides. That one party shall be released from making the other party whole, does not seem agreeable to reason or justice."

In a later case, *Carver Gin Company* v. *Gaddy*, 62 Miss. 201, the appellant sold to appellee a cotton gin and warranted it as to the amount and quality of work it would do. Gaddy failed to pay the note when due and the gin company brought suit which he defended on the ground that there was a breach of warranty and failure of consideration, and that when this was discovered he notified the appellant that the gin was subject to its order. The appellee retained the gin after its alleged failure to give satisfaction, and ginned one hundred and fifty or one hundred and sixty bales of cotton with it. The evidence was conflicting as to the quantity and quality of the work. There was a verdict and judgment for the defendant, Gaddy. This court, by Justice ARNOLD, said:

"Upon the undisputed facts of the case appellant was entitled to recover the actual value of the gin, if it were of any value at all. His notice of offer to hold it subject to their order, was in effect withdrawn by his subsequent and continued use of the property." (Citing: *Dill* v. *Camp*, 22 Ala. 249; *McCulloch* v. *Scott*, 13 B. Mon. 172.)

"His continued use of the gin after breach of warranty became manifest, would render him liable, at

least, to the extent of the value that might be placed upon the property by a jury.''

In *Stillwell, etc., Co.,* v. *Biloxi Canning Co.,* 78 Miss. 779, 29 So. 513, the canning company bought of the appellant some ice making machinery on terms part cash and balance at future periods. A default occurred in the payment of the credit part of the purchase money, and suit followed. There was a guarantee that the machine would cool a certain quantity of ice each day. After the machine had been under test for more than ten days, the time specified for that purpose, the defendant wrote the plaintiff, on May 20th, it would refuse to pay any bills for experimenting with the plant, and would hold the machinery as security for what had been paid upon it, and for damages. Yet, the defendant proceeded after May 25th, to use the machinery and did operate if from June 23, to July 14th, for its own use. In fact, it only ceased to operate the machine when it was seized by the sheriff. This court held:

''That use of the machine after its notice of May 20, 1896, and its operation by appellee from June 23, constituted an acceptance of it, which it cannot repudiate, or deny. It was so used by appellee rightfully or wrongfully, and a wrongful use will not be indulged; and such use amounted to a claim of the property as its own, and was tantamount to an acceptance under the purchase contract.'' (Citing: Benj. on Sales (6 Am. Ed.). 703; See also *Studer* v. *Bleinstein,* 115 N. Y. 316, 5 L. R. A. 702, 49 So. 567; *American Hoop Co.* v. *Searles,* 93 Miss. 1, 46 So. 411; *Wright* v. *Petrie,* S. & M. Ch. 282, et seq; *Halls* v. *Thompson,* 1 S. & M. 443; *Ayes* v. *Mitchell,* 3 S. & M. 683.

The court below committed serious and reversible error in overruling plaintiff's motion to set aside the verdict and grant a new trial. For all of which reasons appellant earnestly urges that the case may be reversed in

this honorable court with such directions in the premises as that justice may be done.

*J. M. Shivers* for appellee.

Did the seller (appellee) have knowledge of what use this belt would be put to, so as to know that the appellee relied upon his skill and judgment, and the said belt was an article which was, in due course of appellant's business, to supply (whether he be manufacturer or not). If so, "there was an implied condition or warranty that it would be reasonably fit for the said purpose." The evidence shows that all this was true.  5 Elliot on Contracts, 1154, sec. 5007; 28 Am. & Eng. Ency. Law (N. S.) p. 757; Benjamin on Sales, 609; *McCaa* v. *Elam Drug Co.* (Ala.), 21 So. 479; *Baaer* v. *Cooperage Co.,* 159 Ala. 491, 49 So. 92, 22 L. R. A. 187, 31 L. R. A. (N. S.) 783; 102 Am. St. Rep. 619-620.

Under the rule as announced in the foregoing authorities, then under the evidence in this case, that the vendor knew and was fully informed as to what service was required of this belt, it guaranteed to the buyer (the appellee, the Poplarville Sawmill Co.), that the belt was reasonably fit for the purposes for which it was ordered.

We submit that there was implied condition of warranty as stated; and that the authorities adduced by the learned counsel for appellant are not in point; and that the lower court did not err in admitting evidence as to the uselessness of the belt for the purpose for which it was bought.

The second point made by counsel for appellant, is, where a purchaser is dissatisfied with the property purchased and wishes to rescind, he must return it within a reasonable time and he waives his right by subsequent use.

Mr. Headly, president of the appellee corporation, testified that the belt did pretty well for thirty days, but that he considered it dangerous to run after the

first fifteen days; in other words that the lap tore loose and was liable to give way when running at high speed as was necessary and that he had to buy another belt from a different party. The belt was taken off· on the 20th of October after being received some time in September, 1911, and the Lumbermen's Supply Co., appellant here, was notified of its failure on or about the 31st day of the month as acknowledged by an officer of the appellant company.

The belt was bulky·and heavy and the freight charges were high and the belt was not returned but stored subject to the orders of the appellant and no orders for its return were ever given by it.

''If the goods do not conform to the terms of the specifications as to qualities (the existence of qualities in such case being a part of thing sold, and essential to its identity, as a condition precedent to its sale), the buyer can notify the seller that they are at the seller's risk, it is not necessary that the buyer should actually return the goods, especially where the distance is great and the freight charges large.'' *Strauss* v. *National Parlor Furniture Company,* 76 Miss. 343, 24 So. 703A. Where a party defends, even on the ground of partial failure of consideration, he is not required to offer a return of the article purchased. *Raspberry* v. *Moye,* 23 Miss. 320.

And ''where a manufacturer who builds machinery that but imperfectly answers the particular purpose for which it was constructed will not be entitled to recover the purchase money therefor. *Brown ·* v. *Murphee,* 31 Miss. 91.

And as under the general rule of implied warranty, *supra,* there was want of consideration and a breach of warranty to that extent could keep the property · and defend for that. *Ware* v. *Houghton,* 41 Miss. 370.

This appellee had already purchased two belts ·from the appellant, one for the Poplarville Mill and one for the Hawkes Mill and were giving the belt· sued. for, a thorough trial and according to the testimony in the

case, it failed to fulfill the condition of implied warranty and they had a right to keep the belt and defend on a failure of consideration: *Brown* v. *Murphee, supra; Ware* v. *Houghton, supra.*

The testimony in the case tends to prove that the "qualities of the belt did not conform to the terms of specifications of the belt as to qualities fitting it for reasonable use for the purpose for which it was sold, the existence of qualities in such case being a part of the thing sold . . . and a condition precedent to its sale." The buyer was entitled to have the issues submitted to the jury.

Whether the appellee accepted the belt or rejected it, is for the jury. *Straus* v. *National Parlor Furniture Co.,* 76 Miss. 343, 24 So. 703. The court did not err when it refused instruction No. 2 of appellant. It is at war with the decision of this court in the case mentioned. *Stillwell Bierce et al.* v. *Biloxi Canning Co.,* 29 So. 513. The court committed no error in granting any of the instructions for the appellant, they are in accordance with the law and the evidence in the case.

And it follows that no error was committed by the court below in overruling appellant's motion for a new trial.

HOLDEN, J., delivered the opinion of the court.

The appellee purchased and received from appellant an endless rubber belt, for use in appellee's sawmill. There was an implied warranty on the part of appellant that the belt was of merchantable quality and suitable for the purpose for which it was to be used. After using the belt for fifteen days, the appellee discovered that it was unsatisfactory, in that "it was made endless, and where they lapped in making the lap on an endless belt, the lap tore loose; it was dangerous to work it after the first fifteen days." When appellee discovered this condition of the belt he did not discontinue its use, but, instead of taking it off and returning it to appel-

lant or offering to do so, and thereby rejecting it and rescinding the contract of purchase, he continued to use it for several weeks, at least, and very probably for several months, thereafter, according to appellee's testimony and its undenied letters written to appellant, as appear in this record. In fact, the record shows no return of the belt, nor any unconditional offer to return it to appellant at any time. The lower court submitted the case to the jury on the question of no liability on account of failure of warranty in suitableness and material of the belt, and there was a verdict for defendant.

The continued use of the belt by appellee after its unsuitable and unsatisfactory condition was discovered, in the absence of notice of rejection and return or offer of return to appellant, constituted an acceptance on the part of appellee. It does not appear from this record that there was any express or implied warranty by appellant that the belt would give service for any specified length of time, nor was there warranty of more than fitness and merchantable quality. If there was a failure of warranty in these respects, appellee should have rejected and returned, or offered to return, the belt within a reasonable time after he discovered such condition; otherwise the implied guaranty was terminated by the acceptance. This he failed to do, and he cannot now repudiate the contract, after having had valuable and continued use of the belt with knowledge of its objectionable condition. *Ware* v. *Houghton,* 41 Miss. 370, 93 Am. Dec. 258; *Carver Gin Co.* v. *Gaddy,* 62 Miss. 201; *Stillwell Co.* v. *Biloxi Canning Co.,* 78 Miss. 779, 29 So. 513; *Sikemeier* v. *Jacob,* 92 Miss. 562, 46 So. 169, 6 R. C. L., p. 936, section 319; Williston on Sales, section 611. There was no question of fact to submit to the jury. The testimony of appellee is conclusive against it. The judgment of the lower court is reversed, and judgment entered here for appellant.

*Reversed, and judgment here.*