ORGILL BROS. & CO. v. EVERETT.*

(Division B. Jan. 3, 1925.)

[103 So. 82-83. No. 24188.]

1. SALES. *Representation held not to constitute "express warranty" that scales would weigh accurately.*

   Representation by seller of scales that scales were always tested before leaving the factory, and that seller had not had any complaints of inaccuracy of scales previously sold, *held* not an express warranty that scales sold to buyer would weigh accurately or correctly.

2. SALES. *Seller held not to have impliedly warranted freedom of cotton scales from defect.*

   Seller of cotton scales who was a dealer, and not a manufacturer, and who in good faith sold scales of established trade-name which had previously given satisfaction to trade, and were always tested at factory, without knowledge of defect which could not have been ascertained by reasonable inspection, did not impliedly warrant to buyer, who did not rely on seller's judgment in purchase of scales, that scales were free from such defect.

*Sales, 35 Cyc., p. 374; 2. Sales, 35 Cyc., p. 412.

Appeal from chancery court of Simpson county.

Hon. T. P. Dale, Chancellor.

Suit by R. L. Everett against Orgill Bros. & Co. Judgment for plaintiff, and defendant appeals. Reversed and judgment rendered.

*J. R. Anderson*, for appellant.

I.   The only testimony with reference to any express warranty is that in which the appellee said that in talking to the traveling salesman of appellant with reference to buying a pair of Smith scales the following was said between them: ''And I asked him about the correctness and he said that he had sold lots of these scales and had no complaint and that the scales were tested before they left the factory.''

Appellant's salesman certainly did not warrant the scales to be correct because in answer to appellee's question as to whether or not they were correct and accurate scales, replied that he had sold lots of these scales and had had no complaint and they were always tested before they left the factory. Certainly there was no direct, positive affirmation that the scales were correct or that they would be tested before they left the factory or that they would weigh accurately on arrival at Magee. An express warranty is a direct and positive affirmation or assertion made by the seller as a part of the contract of sale, relating to some matter of fact respecting the quality, character or condition of the thing sold, under such circumstances that it may fairly be regarded by the buyer as the promise or undertaking on the part of the seller that the fact is as he so affirms or asserts, and on which the buyer relies. Mechem on Sales, sec. 1235.

II.   Was there an implied warranty that the scales in question would accurately weigh the cotton? A.   Testimony showed that the appellant was a dealer and not a manufacturer and that this fact was known to the

appellee when he purchased the scales. Upon an executory sale by a dealer, and not a manufacturer, there is no implied warranty that the goods sold shall be fit for the purpose intended, but all that is required is the exercise of good faith and fair dealing. *Herley-Mason Co.* v. *Stevins, et al.,* 79 Wash. 366, 140 Pac. 381, 1915-B L. R. A. 1131, 1916-A Ann Cas. 948; 2 Mechem on Sales, sec. 1345.

B. If we are wrong in our contention that there was an implied warranty as to the fitness of these scales for the purpose of weighing cotton then we contend that in view of the fact that all the testimony in this case including that of the defendant showed that the defect in the scales was such that it could not have been discovered upon a reasonable inspection and, therefore, the appellant is not liable.

We believe that the majority of the courts in the country hold that in the case of dealer, as distinguished from a manufacturer, there is no implied warranty that the goods the dealer sells shall be free from hidden or latent defect. *Otts* v. *Alderson,* 10 S. & M. 476.

In all the following cases courts hold that the seller is not liable where the defects are hidden and he knew nothing of them. *Briggs* v. *Hunton,* 87 Me. 145, 47 Am. St. Rep. 318; *Quo* v. *Sandon,* 21 N. Y. 552, 78 Am. Dec. 163; *Bragg* v. *Morriff,* 49 Vt. 45, 24 Am. St. Rep. 102; *Hoyt* v. *Hainesworth Motor Co.,* 192 Pac. 918; *Herley-Mason Co.* v. *Stevins, supra; Reynolds* v. *Elec. Co.,* 141 Fed. 551, 73 C. C. A. 23; *Reynolds* v. *Meyer, etc.,* 91 N. Y. 106, 35 Cyc. 412, Note 10; 35 Cyc. 402, Note 43; *Bragg* v. *Maryland,* 24 Am. St. Rep. 102.

*Longino, Hilton & Hilton,* for appellee.

I. Was there an express warranty? See, 2 Mechem on Sales, 1237; *Stone* v. *Denny,* 4 Metc. (Mass.) 151. In the case at bar, the salesman of appellant was asked about the correctness of these scales, positively and di-

rectly by appellee. We think the court below correctly held that the statement by appellant's agent that there had never been any complaint about these scales, about them having been tested and his knowledge of their intended use was a sufficient affirmative response to the question put to him to make an express warranty. Appellee accepted and intended his answer so to be; this answer led to the purchase of the scales. We do not think that it could be fairly said that this statement on the part of appellant's agent did not reasonably authorize the inference that appellee understood that these scales were expressly warranted to be correct.

II. Was there an implied warranty? See, 2 Mechem on Sales, par. 1344. In the case at bar it clearly appears that the appellee stated his needs to the appellant's agent and relied upon the appellant's agent to supply his need. *Otts* v. *Alderson,* 10 S. & M. 476.

Counsel for appellant makes the contention that in the case at bar this was a latent defect which the seller did not know of and, therefore, there could be no liability on the part of the seller. We fail to find this exception to the rule holding the seller liable when the needs of the purchaser are made known to him and the seller undertakes to supply these needs. Analysis of the authorities cited as supporting this contention in the brief of appellant shows all to be distinguishable.

The trouble with able counsel for appellant is that he is placing the sale in the case at bar under the head of executory contract of sale rather than an executed contract of sale. Counsel cites authority dealing with the liability of a seller in executory contracts in cases of latent defects. None of these authorities, nor this contention, has any place in this case. See, 9 Cyc. 244, C; 35 Cyc. 289, E.

There is not a single condition to this sale nor a circumstance attending it which makes the sale at bar, an executory sale. This being true all the authorities on

this point cited by counsel in his brief are not in point. Neither is the contention applicable to the case at bar, that if the scales were defective it was a latent defect and the seller could not be chargeable therewith. This contention is of no avail here for the reason that no case raises the question except in cases of executory contract of sale. This being an executed contract of sale the authorities are unanimous in holding that the seller is liable for defects in articles which he undertakes to supply to fill the purchaser's needs.

Argued orally by *Jno. R. Anderson,* for appellant, and *R. T. Hilton,* for appellee.

Cook, J., delivered the opinion of the court.

The appellee, R. L. Everett, filed an attachment suit in the chancery court of Simpson county against the appellant, Orgill Bros. & Co., seeking to recover damages to the amount of one thousand seven hundred twenty-three dollars and twelve cents for the alleged breach of an express and implied warranty covering the sale by appellant to appellee of a pair of cotton scales to be used by the appellee in his business as a cotton buyer.

Appellee alleged in his bill of complaint that he was engaged in the general mercantile business at Magee, Miss., and in connection with this business that he bought and sold cotton; that the appellant was engaged at Memphis, Tenn., in the business of a dealer in hardware, and among other things sold cotton scales; that on the 21st day of August, 1922, a traveling salesman of the appellant called on the appellee for the purpose of selling to him goods, wares, and merchandise; that appellee made known to this salesman his need of a pair of cotton scales for the purpose of weighing cotton during the season of 1922; that the appellant through its salesman sold him a pair of Smith cotton scales, at and for the price of seventy-five dollars and sixty cents; that the scales were delivered

to him, and thereupon the appellee proceeded to buy cotton from the trade in his territory, weighing the same on said scales, and paying for it by these weights; that some time during the latter part of September, 1922, he discovered that the scales were inaccurate and were over-weighing on each five hundred-pound bale of cotton, and that, as a consequence of this overweighing, he lost the sum of one thousand seven hundred twenty-three dollars and twelve cents for the recovery of which the suit was brought. The bill further alleged that the appellant knew the purpose for which the scale was purchased and the necessity for accuracy in the scale, and that there was an express and an implied warranty on the part of the appellant that the scale would weigh accurately and was reasonably fit for the purpose for which it was bought, and, because of the alleged inaccuracy in weighing, the warranty had been breached.

The appellant filed an answer and crossbill; the answer averring that it was engaged as a dealer in such scales and not as a manufacturer, which was known to appellee; that it sold the scales to appellee, f. o. b. Memphis, Tenn., and the scales were accurate in every respect when delivered to the express company at Memphis, and were broken in transportation for which the appellant was not liable; that the appellee undertook to repair the scales himself, without notifying appellant of his purpose so to do, and without appellant's consent, and if any inaccuracies were found in said scale, they were produced by reason of appellant's own negligence in attempting to have the same repaired; that, if there was any defect in the same, it was a defect that could not be discovered by a reasonable inspection, and that appellee could not recover of it because, after discovering the alleged inaccuracies of said scale, the appellee continued to use the same, and refused to return or offer to return said scale, after another had been shipped to him. In its cross-bill appellant alleged that the appellee was indebted to it in the sum of two hundred seventy-nine

dollars and fifteen cents for other merchandise sold to appellee, and also in the sum of one hundred fifty-one dollars and twenty cents for two scales, making a total of four hundred thirty dollars and thirty-five cents, for which sum it prayed a recovery.

The appellee's answer to the cross-bill admitted that the appellant was a dealer in scales purchased from scale manufacturers, and averred that the agent of the appellant represented to him that the scales were accurately tested at the factory, and that the scales would weigh his cotton accurately. The answer further denied that the broken part of the scale, which he had repaired, was improperly repaired, or that it had anything to do with the accuracy or the scales; denied that he continued to use the inaccurate scales after receiving from appellant another scale; denied that he had accepted the first scale, but averred that he had retained this scale for use as evidence in court; denied that the defect in the scale and weights was a hidden one, but charged that, if the defect was unknown to appellant, it was guilty of negligence in complying with the implied warranty in the sale thereof. The answer denied liability for the purchase price of two scales, but admitted that appellee was due the sum of two hundred seventy-nine dollars and fifteen cents for merchandise, and also seventy-five dollars and sixty cents, the purchase price of one scale, making a total of three hundred fifty-four dollars and seventy-five cents.

The only testimony in the record in reference to an express warranty of the scales, or upon which it can be claimed that there was any express warranty, is that of the appellee, R. L. Everett, as follows:

"About the 15th of August I bought a pair of scales from Mr. Boadwee, a representative of Orgill Bros. of Memphis, Tenn., and when I was talking to him about the scales he told me that he sold Smith cotton scales, and I asked him about the correctness, and he said that he had sold lots of these scales and had no complaint,

and that the scales were always tested before they left the factory."

There is no testimony whatever that the appellant had ever had any previous complaints about the correctness of scales sold by them, and the testimony is positive and undisputed that the scales sold to the appellee were correctly and accurately tested at the factory in accordance with the United States government test and requirements, and that this scale was accurate when it was packed and shipped from the factory.

The representation that the scales were always tested before leaving the factory, and that the seller had not had any complaints of inaccuracy of scales previously sold, is in no sense an express warranty that.the scales sold to appellee would weigh accurately or correctly. In Mechem on Sales, par. 1234, an express warranty is defined as—"a direct and positive affirmation or assertion made by the seller, as part of the contract of sale, relating to some matter of fact respecting the title, quality, character, or condition of the thing sold, under such circumstances that it may fairly be regarded by the buyer as a promise or undertaking on the part of the seller that the fact is as he affirms or asserts, and which the buyer relies upon as such in making the purchase."

The only facts represented were that scales of the particular trade-name previously sold by appellant had proven satisfactory, and that these scales were always tested before leaving the factory. There was no testimony whatever that any of these scales previously sold by appellant had proven to be inaccurate or unsatisfactory, while the undisputed proof is that the scales were always tested before leaving the factory, and that the particular scale sold to appellee was so tested.

The next question that arises is whether or not there was an implied warranty of accuracy, or that the scales would weigh cotton correctly.

The testimony for the appellee was that the defect in the scale in question was such as could not be detected

by a reasonable inspection, while the testimony for the appellant was to the effect that, if the scale was in fact defective, the defect was such that it could only be discovered by a test, and that there was no way to ascertain the cause of inaccuracies in a scale of this kind, except at a place equipped for testing the scale in accordance with the government test. In the case of *Otts* v. *Alderson,* 10 Smedes & M. 476, it was held that:

"A warranty is implied against all latent defects in two cases: (1) Where the seller knew the buyer did not rely on his own judgment, but on that of the seller, who knew or might have known the existence of the defects; and (2) where a manufacturer or producer undertakes to furnish articles of his manufacture or produce in answer to an order."

In the present case there is no evidence that the buyer relied on the judgment of the seller in the purchase of the scale. The buyer knew that the seller was a dealer and not a manufacturer. He was informed that the dealer sold a cotton scale of an established trade-name, which had previously given satisfaction to the trade, and that these scales were always tested at the factory. Upon the record before us the truth of these representations is established, and there is absolutely no testimony to show that the seller knew the buyer did not rely on his own judgment, and none to show that the buyer did not in fact rely on his own judgment. The fact that the buyer informed the agent of the appellee that he desired to purchase scales for the purpose of weighing cotton is of no importance under the facts in this record. A mere application to purchase cotton scales would presumably inform the seller that the scales were desired for the purpose of weighing cotton, and that accurate weighing was desired. The record does not challenge the good faith of the dealer, and it establishes the fact that the defect, if any, was such that the seller did not know of it, and could not have ascertained that it existed by a reasonable inspection. The appellee purchased a known

and definite article of a recognized and established make and trade-name, and the evidence fails to show that he relied on the judgment of the seller, and we do not think that, under the facts in this record, there was an implied warranty on the part of the dealer that the scales in question were accurate. Consequently, the decree of the court below will be reversed, and decree will be entered here for the appellant for the sum of three hundred fifty-four dollars and seventy-five cents the amount admitted by the appellee to be due for goods, wares, and merchandise purchased from the appellant.

*Reversed and decree for appellant.*