P. D. BELLVILLE SUPPLY CO. *v.* DACEY.[*]

(Division A.   Feb. 1, 1926.)

[106 So. 818.   No. 25181.]

SALES. *No implied warranty in present executed sale by dealer not manufacturer.*

In a present executed sale of automobile by dealer, who was not the manufacturer, there is no implied warranty against defects, though latent, in absence of fraud of dealer; buyer not having, to seller's knowledge, relied on seller's judgment instead of his own.

[*]Corpus Juris-Cyc. References; Sales, 35 Cyc., pp. 397, n. 22; 409, n. 95; 411, n. 1; 412, n. 10.

APPEAL from circuit court of Harrison county.

HON. D. M. GRAHAM, Judge.

Action by John Dacey against the P. D. Bellville Supply Company. Judgment for plaintiff, and defendant appeals. Reversed and judgment rendered.

*Mize & Mize,* for appellants.

The court erred in refusing the peremptory instruction asked by the defendant on the theory that there was no expressed warranty shown, and under the facts of the case no implied warranty by law. There are certain warranties that are sometimes implied by law that are based on principles analogous to fraud, as where the manufacturer puts out an article, there is an implied warranty that it is sound and in good mechanical condition, but the rule is different as between a dealer and purchaser and the general rule of *caveat emptor* applies as laid down in 24 R. C. L., sec. 452. In the instant case there was no attempt to prove that the dealer knew of any defects before the car was sold and delivered and no evidence whatever of any expressed warranty in the written contract. The appellee was relying on an implied warranty and there could be no implied warranty on the part of the appellant, as he is a dealer, unless he knew that there was a latent defect in the car and failed to give notice to the appellee. 24 R. C. L., sec. 452, and notes cited.

The court erred in giving the first instruction for the appellee. This instruction under some facts is a correct statement of the law, but does not apply to the purchase of one article where the purchaser goes and selects the article himself. 24 R. C. L., sec. 459. This instruction was erroneous and should not have been given.

*W. L. Guice* and *John L. Heiss,* for appellee.

The issue on appeal is very clear: Can the purchaser of an automobile without any written contract of sale

rely on the implied warranty of the seller that a new automobile is free from defects and able to perform the services for which it was purchased?

The deed of trust or lien retained by the vendor of the automobile was not a contract and not a part of the contract of sale, but a part of the debtor's protection for the unpaid purchase price, according to the terms of sale. This was not a suit by the P. D. Bellville Company for any act of theirs as agent of the Chrysler Motor Car Company, as these people were not a party to the sale. The Chrysler Motor Car Company manufactured certain motor cars and sold them to the P. D. Bellville Supply Company. These people in turn sold the cars to their customers, and in the instant case, the car was a new car and carried with it the right on the part of the appellee to expect that he was getting what he had purchased; and, while the general doctrine in the United States has been, under certain circumstances, that a dealer in manufactured articles is not held to an implied warranty, we believe that the law in Mississippi is different. We believe that it was the intention of the courts of this state to hold a distributor to the accountability of the doctrine of implied warranty. *Lumberman's Supply Co.* v. *Poplarville Sawmill Co.,* 117 Miss. 274, 78 So. 157. Prior to this decision this court in *Mobile Auto Co.* v. *R. W. Sturges & Co.,* 107 Miss. 848, 66 So. 205, decided that where an automobile was sold and failed upon examination to come up to the expectation of the buyer, in that it showed signs of wear and was not the article sold, the party injured would have a right to recover on the breach of implied warranty. We say *implied warranty* here because there is nothing in this record as shown by the reported case that would lead us to believe that there was any written contract containing an express warranty.

All of us know how positively the distributors of these cars state the merits of their car, and in this case Mr. Dacey relied upon these statements. He paid his money for a new car, and not only a new car but, according to the testimony of the manager of the appellant company,

a fast car, one whose chief attraction was that it could be driven fast. He was not only robbed of over three months service of this car, but, in addition thereto, had to pay out the amount of judgment recovered by him, the jury believing that this was through no fault of his own, but due to a defect in the article sold. This being true, we believe that the law of our state will uphold his recovery.

SMITH, C. J., delivered the opinion of the court.

The appellee purchased from the appellant, a dealer, a Chrysler automobile without an express warranty of the quality thereof. The contract of sale was not executory, but was executed by the delivery and acceptance of the automobile at the time the sale was made. The use of the automobile by the appellee disclosed that one of the pistons thereof was defective, necessitating an expenditure by him of one hundred thirteen dollars and thirty-two cents in remedying the defect. This defect in the automobile, we will assume, was latent. The appellee, claiming an implied warranty on the part of the appellant against defects in the automobile, brought this suit to recover from the appellant the money expended by him in remedying the defect therein. He recovered a judgment in the court below, and the appellant has brought the case to this court.

One of the assignments of error is that the court below should have granted the appellant's request for a directed verdict in its favor.

The sale here in question was not of an article by sample or description, without an opportunity of inspection by the buyer until after delivery, as was the case in *Commission Co.* v. *Crook*, 87 Miss. 445, 40 So. 20, 1006; *Mobile Auto Co.* v. *Sturges*, 107 Miss. 848, 66 So. 205; *Lumbermen's Supply Co.* v. *Poplarville Sawmill Co.*, 117 Miss. 274, 78 So. 157; *Sharp* v. *Brookhaven Brick Co.*, 120 Miss. 850, 83 So. 274, but was a present executed sale of an existing article, of which the seller was not the

manufacturer, then open to examination and inspection by the purchaser, in which character of sale there is no implied warranty of the quality of the article sold, in the absence of fraud on the part of the seller, unless the defects therein are latent, and "the seller knew the buyer did not rely on his own judgment [in accepting the article] but on that of the seller, who knew or might have known the existence of the defects." *Otts* v. *Alderson,* 10 Smedes & M. 476; *Simmons* v. *Cutreer,* 12 Smedes & M. 584; *Joslin* v. *Caughlin,* 26 Miss. 134; 1 Williston on Sales (2 Ed.), section 228 et seq.; 2 Mechem on Sales, section 1311 et seq.; 24 R. C. L., p. 178, section 451 et seq.

While it does not appear from the record of the case of *Lumbermen's Supply Co.* v. *Poplarville Sawmill Co.,* 117 Miss. 274, 78 So. 157, relied on by the appellee, an examination of the original record therein discloses that the belt therein involved was purchased from a manufacturer, to be thereafter manufactured and delivered.

*Orgill Brothers & Co.* v. *Everett,* 138 Miss. 213, 103 So. 82, is not without value here. The sale there, though for future delivery, was, as here, of an article by its well-established trade-name. I Williston on Sales (2 Ed.), sections 236 and 237.

It follows from the foregoing facts that the court below should have directed a verdict for the appellant.

Reversed, and judgment here for the appellant.

*Reversed.*