INDUSTRIAL FINANCE CORPORATION *v.* WHEAT. *

(Division A. March 15, 1926.)

[107 So. 382.    No. 25524.]

1. SALES. *Written contract for sale of automobile held to exclude warranty of quality not contained therein.*

    A provision in a written contract for the sale of an automobile, which provides that the automobile "is accepted without any express or implied warranties unless expressly contained herein," excludes any warranty of the quality of the automobile not contained in the contract.

2. SALES. *In present executed sale of automobile by dealer, who was not manufacturer, in which buyer did not rely on seller's judgment, there is no implied warranty against defects, though latent, in absence of fraud of dealer.*

    In a present executed sale of an automobile by a dealer, who was not the manufacturer, there is no implied warranty against defects, though latent, in the absence of fraud of the dealer; the buyer not having, to the seller's knowledge, relied on the seller's, instead of his own, judgment.

3. BILLS AND NOTES. *Warranty, in assignment of note executed in part payment of automobile, that automobile is new and unused, held not to inure to benefit of purchaser of automobile.*

    Where a note executed to a seller of an automobile in part payment therefor, to secure which the seller retained title in the automobile until the payment of the note, is assigned to a third party, a warranty in such assignment that the automobile is new and un-

used does not inure to the benefit of the purchaser of the automobile.

*Corpus Juris-Cyc. References: Bills and Notes, 8 C. J., p. 384, n. 28 New. Sales, 35 Cyc, pp. 370, n. 18; 397, n. 22; 411, n. 1; 412, n. 7; Definition and nature of implied warranty in sale of personal property, see 24 R. C. L., p. 178; 4 R. C. L. Supp., p. 1531; 5 R. C. L. Supp., p. 1276.

Appeal from circuit court of Forrest county.

Hon. R. S. Hall, Judge.

Replevin by the Industrial Finance Corporation against J. S. Wheat. Judgment for the defendant, and plaintiff appeals. Reversed and remanded.

*Stevens & Heidelberg,* for appellant.

The contract securing the promissory note involved here is the familiar conditional sale contract so often resorted to in the sale of automobiles. The note sued on is a negotiable instrument. Sections 2581 and 2583, Hemingway's Code. The conditional sale contract operates as mere security for the payment of the balance due on the purchase price as evidenced by the promissory note. *Tufts* v. *Stone,* 70 Miss. 54; *McPherson* v. *Acme Lbr. Co.,* 70 Miss. 649; *Foundry Co.* v. *Pascagoula Ice Co.,* 72 Miss. 608, 18 So. 364; *U. S. Motor Truck Co.* v. *Securities Co.,* 131 Miss. 670, 95 So. 639; *Whidden* v. *Davidson,* 120 Miss. 769, 83 So. 187.

Where the seller under a separate contract reserves the legal title to the property as security for the price and also takes the purchaser's note, an assignment of the note carries with it as an incident the right to enforce the contract as security. *Foundry Co.* v. *Pascagoula Ice Co., supra,* 18 So. 364; *U. S. Motor Truck Co.* v. *Securities Co.,* 131 Miss. 670, 95 So. 639.

The seller or his assignee may maintain replevin for property, title to which is reserved under such a conditional sale contract. See authorities just above cited and *Dederick* v. *Wolfe,* 68 Miss. 500, *Kerl* v. *Smith,* 96 Miss. 827, 51 So. 3.

There is no dispute that the appellant company was without any actual knowledge of any defects in the car sold to appellee. Certainly, there is nothing in the note or contract or the purchaser's statement which served to give notice to appellant of any such defects. Appellant does not testify, nor does any one for him, that appellant company had any notice of the defects when it bought the paper. It is, therefore, undisputed in the record that appellant purchased the paper without any notice of defects. Having so purchased the paper, appellant stands in the attitude of an innocent purchaser for value in due course without notice, and is, therefore, entitled to enforce payment of the note and, as an incident thereto, to enforce its security on the car.

Even if for the sake of argument we admit that appellant was not an innocent purchaser for value in due course without notice, yet it would be entitled to recover in this case for the reason that the entire contract between the Newsom Sales Company and appellee was embodied in the note, the conditional sale contract, and the "purchaser's statement." The contract expressly provides that there are no warranties of the car except such as are written into the contract itself, and recites that all the agreement between the parties is embodied in the written contract. No room is left for any implied warranty. Ordinarily the rule of *caveat emptor,* applies in the case of a purchase of an automobile, as in the case of the purchase of any other property. Huddy on Automobiles (6 Ed.), sec. 858, p. 1072; Berry on Automobiles (4 Ed.), sec. 1550, p. 1328.

Our court is definitely committed to the doctrine of *caveat emptor* as applied to sales of personal property. *Cox* v. *Palmer,* 60 Miss. 793; *Moorhead Motor Co.* v. *Walker Auto Co.,* 133 Miss. 73, 97 So. 486.

It is undisputed in the evidence that the defects were latent. Under such circumstances in the absence of the special agreement there would have been no implied warranty againse these latent defects. *Hoyst* v. *Hains-*

*worth Motor Co.* (Wash.), 192 Pac. 919; Huddy on Automobiles (6 Ed.), p. 1330.

Contrary to the holding of the trial court, even in the case of an implied warranty of fitness in a sale where such an implied warranty is justified, still absolute perfection is not implied. *Harvey* v. *Buick Motor Co.* (Mo. App.), 177 S. W. 774; Huddy, p. 1077; Berry, p. 1329, sec. 1551; *Flaherty* v. *Maine Motor Carriage Co.*, 117 Me. 376, 104 At. 627.

Therefore, even if there was no written express agreement against warranties of the machine in question, none could possibly be implied even as against the Newsom Sales Company as to the defects complained of.

*Mayson & Kelly,* for appellee.

This case turns upon the relationship of the appellant to the original contract, the appellee's contention being that it was a seller or co-warrantor at least of the property sold and the obligations of the contract are as binding upon it as they are upon the Newsom Sales Company. The contract of sale and the assignment are all embodied in one paper; on the one side is the contract of sale and on the other is the assignment. Synchronous with the execution of the contract with appellee, ownership *eo instanti* vests in the appellant; or to state it differently, when appellee executed the contract of purchase, appellant and Newsom Sales Company executed to him the contract of sale. That the appellant was the owner in fact and dealt with the property as its own cannot be disputed. This case is controlled by *Mobile Auto Co. et al.* v. *Sturges,* 107 Miss. 849, 66 So. 205.

The automobile was warranted to be new and unused. There was, of course, a breach of warranty when there were breaks in the car at the time of the sale. Anything new is warranted to be free from defects and unbroken. *Stringfellow* v. *Botterill Auto Co.,* 34 A. L. R. 533 and note; *Fairbanks Steam Shovel Co.* v. *Holt & Jeffrey,* L. R. A. 1915-B 477.

We are unable to appreciate appellant's application of the rule of *caveat emptor* to the facts in this case. There is no dispute about the title, and with reference to the condition of the property, as we have already stated; it is expressly warranted to be new, which, of course, means free from defects of any kind, and unused. While the elaborate authorities cited by counsel on this question are edifying and instructive, we do not see their pertinency to the matter under discussion.

Smith, C. J., delivered the opinion of the court.

The appellee purchased from the Newsom Sales Company a Studebaker automobile. He paid a part of the purchase price thereof and executed a note for the remainder, agreeing therein to pay the note in monthly installments. The contract of the sale, which is in writing, contains no warranty of quality, but reserves the title of the automobile in the seller until paid for, and, among other things, provides that—

"This agreement constitutes the entire contract and no waivers or modification shall be valid unless written upon or attached to this contract, and said motor vehicle is accepted without any express or implied warranties unless expressly contained herein."

The contract of sale and the note secured thereby were afterwards assigned for value by the Newsom Sales Company to the appellant, a corporation. One of the provisions of this assignment, which is in writing, is:

"And for the purpose of inducing said corporation to discount or purchase the note referred to in said contract and accept this assignment, the undersigned warrant that the motor vehicle is new and unused."

The appellee, after having made several payments on the note, declined to make further payments thereon, claiming that the car purchased was defective, and that the payments made by him thereon were sufficient to cover its real value. The Newsom Sales Company sells but does not manufacture automobiles. The sale and de-

livery of the automobile, which was open to the inspection of the appellee, were contemporaneous. The automobile contained a latent defect which developed shortly after the appellee commenced to use it. When the appellee refused to make further payments on the note for the automobile, the appellant instituted this action of replevin for the recovery of the automobile under the provisions of the contract of sale, and from an adverse judgment has brought the case to this court.

One of the assignments of error is the refusal of the court below to instruct the jury to find for the plaintiff and assess the value of the automobile. One of the questions presented for decision, and which lies at the threshold of this case, is, whether there was an implied warranty on the part of the Newsom Sales Company of the quality of the automobile, which question must be answered in the negative for two reasons: First, the contract of sale expressly negatives any such warranty; and, second, there is no implied warranty of quality in "a present executed sale of an existing article, of which the seller was not the manufacturer, then open to examination and inspection by the purchaser, . . . in the absence of fraud on the part of the seller, unless the defects therein are latent and the 'seller knew the buyer did not rely on his own judgment (in accepting the article), but on that of the seller, who knew or might have known of the existence of the defects.' " *Bellville Supply Co.* v. *John Dacey,* 106 So. 818; *Otts* v. *Alderson,* 10 Smedes & M. 476; *Simmons* v. *Cutreer,* 12 Smedes & M. 584; *Joslin* v. *Cauglin,* 26 Miss. 134; 1 Williston on Sales (2 Ed.), section 228 et seq.; 2 Mechem on Sales, section 1311 et seq.; 24 R. C. L., p. 178, section 451 et seq.

The main contention of counsel for the appellee seems to be that the Newsom Sales Company warranted the automobile to be new and unused, and that the defect therein demonstrates that it was neither. There can be no merit in this contention for two reasons; First, the warranty that the automobile was new and unused is not contained in the contract of sale, but in the assignment

to the appellant; and, second, the defect in the automobile was not of such character as to indicate that it was not new or that it had been used.

*Reversed and remanded.*