GERARD MOTOR CO. *v.* McEACHERN.*

(Division A. April 23, 1928.)

[116 So. 816. No. 27064.]

---

*Corpus Juris-Cyc. References: Sales, 35Cyc, p. 411, n. 1; On effect of inspection or opportunity to inspect on implied warranty of property bought for special purpose, see annotation in 22 L. R. A. 194; 24 R. C. L. 179; 3 R. C. L. Supp. 1363; 6 R. C. L. Supp. 1407.

*Albert Sidney Johnston, Jr.* and *L. H. Doty,* for appellant.

*Colmer & Herring* and *R. C. Cowan,* for appellee.

439

Argued orally by *Albert Sidney Johnston, Jr.,* for appellant.

COOK, J. The appellee, C. G. McEachern, instituted this suit in the county court of Harrison county against the appellant, the Gerard Motor Company. The declaration filed by the appellee alleged, in substance, that he purchased from the appellant a Star automobile on the deferred payment plan; that the appellant represented to him that the said automobile was new, in first-class condition, free from defects in material and workmanship, and would perform all the duties expected of it; that the appellee was not a mechanic, and was not familiar with machinery, and he relied upon the said representations of the appellant, and so advised its officers at the time of the purchase of the said automobile; that immediately after the automobile was delivered to him it developed serious motor trouble and was defective in many ways; that the motor would not retain the lubricating oil that was placed in it, due to defects, mechanically or otherwise, in the construction of the said motor; that the automobile could not be operated on account of this serious defect; that within a week's time after the purchase of the automobile he returned it to the appellant and made complaint of these defects; that appellant attempted to remedy the defects, but without suc-

cess; that appellant finally admitted that said motor was hopelessly defective, and promised the appellee to replace the motor with another and new motor; that appellee frequently called upon the appellant to replace the motor after it agreed so to do, but it failed and refused to replace it; and that immediately upon the discovery of the breach of warranty he tendered said automobile back to appellant. He sued for the full amount of the purchase price of the automobile. At the trial in the county court, the cause was submitted to the judge without a jury, and there was some testimony that the cost of a new motor installed in the automobile would be four hundred five dollars, and the county court awarded the appellee a judgment for that sum. The motor company appealed to the circuit court, where the judgment of the county court was affirmed, and from this judgment of affirmance this appeal was prosecuted.

We think the testimony fails to sustain the allegations of the declaration as to an express warranty of the quality of the automobile, and it wholly fails to show that the "seller knew the buyer did not rely on his own judgment, in accepting the automobile, but on that of the seller, who knew or might have known the existence of the defects," and, this being true, the doctrine announced in the case of *Bellville Supply Co.* v. *Dacey,* 141 Miss. 569, 106 So. 818, is controlling here, and requires a reversal of this cause. In the Dacey case, in discussing the contention that there was an implied warranty in the sale of an automobile, the court said that:

"The sale here in question was not of an article by sample or description, without an opportunity of inspection by the buyer until after delivery, . . . but was a present executed sale of an existing article, of which the seller was not the manufacturer, then open to examination and inspection by the purchaser, in which character of sale there is no implied warranty of the quality of the article sold, in the absence of fraud on the

part of the seller, unless the defects therein are latent, and 'the seller knew the buyer did not rely on his own judgment (in accepting the article), but on that of the seller, who knew or might have known the existence of the defects.' ' '

It follows, from the foregoing views, that the judgment of the court below should have been in favor of the appellant, and therefore the judgment will be reversed and judgment will be entered here for the appellant.

*Reversed, and judgment here for appellant.*