CHRISTENBERRY *et al. v.* SAIK.

(In Banc.  May 12, 1941.  Suggestion of Error Overruled May 26, 1941.)

[1 So. (2d) 142.  No. 34569.]

**John B. Gee**, of Rolling Fork, for appellants.

Clements & Clements, of Rolling Fork, and **Howie, Howie & McGowan**, of Jackson, for appellee.

Argued orally by **John B. Gee**, for appellant, and by **M. M. McGowan**, for appellee.

**McGehee, J.**, delivered the opinion of the court.

In an executed sale of an existing article, of which the seller is not the manufacturer, nor is a dealer possessed of expert knowledge, either actual or pretended in regard thereto, there is no implied warranty in the absence of fraud on the part of the seller, unless the defects complained of are latent, and the seller knows that the buyer has not relied on his own judgment, but on that of the seller, who knew or might have known of the existence of the defects. In the case at bar the buyer had an experienced Frigidaire mechanic, as his own agent for the purpose, examine the second-hand Frigidaire in question before its acceptance by him from the seller, who was not a manufacturer or dealer. Therefore, the cases of Fay & Egan Co. v. Cohn & Bros., 158 Miss. 733, 130 So. 290; Viking Refgr. Co. v. Farrell, 180 Miss. 181, 176 So. 910; and Magee Laundry & Cleaners v. Harwell Co., 184 Miss.

435, 185 So. 571, are not applicable on the issue here involved.

The peremptory instruction granted to the plaintiff on the question of liability was proper under all of the evidence in the case, a review of which would serve no useful purpose here.

Affirmed.