WATTS, et al. *v.* ADAIR.

Division B.    May 28, 1951.

No. 37997 (52 So. (2d) 649)

**H. T. Carter,** for appellants.

**Sims & Sims,** for appellee.

**Alexander, J.**

Appellants are partners engaged in a furniture business under the name of Woolbright's Furniture & Mattress Company. This action was brought by Adair upon an implied warranty of a refrigerator purchased by him. From a verdict and judgment for the full amount paid, the seller appeals.

There appears no dispute of the fact that serious defects in the refrigerator appeared soon after its delivery. The seller undertook to correct the defects and to this end expended seventy-five dollars in the installation of a new motor unit. While undertaking a second time to remedy its shortcomings, the door was injured. If the appellants are liable as a warrantor, there is ample testimony to show that the refrigerator fell far short of expectations. Although minor injuries may have resulted from negligence, this is not the gravamen of the suit.

There was no express warranty made. Attempt is made to show that appellants adopted and assumed the warranty of the manufacturer. The purchaser offered no testimony on this point but one of the partners testified that they were dealers only and that they sell several types of refrigerators but that, while the manufacturers guarantee them, the seller here does not and did not in this case. ■■ ■ We recognize the line of authorities which imposes the manufacturer's warranty upon a dealer when the latter assumes its obligations. Baker & McDowell Hdw. Co. v. Ellis, 149 Miss. 257, 115 So. 425; 46 Am. Jur., Sales, Section 313, p. 495.

Regardless of the modern trends, recognized in other jurisdictions, ■■ ■ there is in this State no implied

warranty of fitness or quality of articles where there has been an executed sale by one not a manufacturer. Christenberry v. Saik, 191 Miss. 148, 2 So. (2d) 142; Gerard Motor Co. v. McEachern, 150 Miss. 437, 116 So. 816; Bellville Supply Co. v. Dacey, 141 Miss. 569, 106 So. 818; Industrial Finance Corp. v. Wheat, 142 Miss. 536, 107 So. 382; Orgill Brothers & Co. v. Everett, 138 Miss. 213, 103 So. 82; 46 Am. Jur., Sales, Sections 337, 339.

There are not here involved such exceptional circumstances as a subsequent valid contract to repair, actual fraud or the furnishing of a particular device to produce an agreed result, or the existence of latent defects known actually or constructively by the seller alone. We do not find in the gratuitous efforts of the dealer to correct its defects, an enforceable obligation to warrant the article.

Adair inspected this refrigerator. At their request it was put into operation. It appeared satisfactory and the transaction of sale was then and there concluded.

The appellants made a motion, at the conclusion of the testimony, for a directed verdict which was denied. In our opinion, it ought to have been given.

Reversed and judgment here for appellants.