PRITCHARD v. HALL.

(Division A. April 27, 1936. Suggestion of Error Overruled, June 8, 1936.)

[167 So. 629. No. 32032.]

Jas. Stone & Sons, C. A. Bratton and Samuel V. Pack, all of Oxford, for appellant.

Falkner & Falkner, of Oxford, for appellee.

Argued orally by **C. A. Bratton,** for appellant.

**McGowen, J.,** delivered the opinion of the court.

Appellant, Pritchard, brought suit against appellee, Hall, to recover three hundred dollars, balance due on a promissory note  for five hundred forty dollars, payable on its face to Pritchard & Hollowell, and by them assigned or endorsed, with recourse, to the C. I. T. Cor-

poration, which, in turn, for value indorsed it to Pritchard, successor to the firm.

The evidence having been heard, the case was submitted to the jury. It returned a verdict for Hall. Judgment was entered accordingly, and Pritchard prosecutes an appeal here.

Attached to the declaration as exhibits were a copy of the note and conditional sales contract, and these exhibits were offered in the evidence.

Pritchard testified that the note was for the balance due on a sales contract for an automobile, and was payable in twelve monthly installments of forty-five dollars each. Two payments had been made thereon, or ninety dollars. He also testified that the C. I. T. Corporation repossessed the car, sold it, under the sales contract, for one hundred fifty dollars, which, when credited on the note, left the balance sued for. The sales contract, among other things, provided that the purchaser, Hall, had examined said chattel (referring to the automobile) and accepted same *in its present condition.*

Hall pleaded, as a defense to the action, the general issue and notice of special matter thereunder as follows: "The plaintiff will take notice that the defendant will introduce evidence to show and will attempt to prove that there was a failure of consideration for the note sued on by the plaintiff. That the note sued on was given as part purchase price of an automobile, which said automobile was guaranteed to be free from mechanical defects by Pritchard & Hollowell. That the automobile was, in fact, defective when delivered to the defendant. That after having the automobile in his possession for a few days, during which time the said automobile failed to perform and operate properly, the defendant returned same to Pritchard & Hollowell and informed them of the defect. That Pritchard & Hollowell

accepted the automobile and later tendered it back to the defendant, informing him that the defect had been corrected, but, upon examination, defendant found the car to be still defective, and refused to accept it. That the automobile was never offered to the defendant free from defects, and that defendant actually paid to Pritchard & Hollowell more than the actual value of the automobile in its defective condition.''

Hall and his witnesses offered evidence to the effect that, prior to and contemporaneously with the delivery of the car and execution of the note and sales contract by Hall, Pritchard & Hollowell agreed with him orally that the car was given the usual ninety-day agreement, and that ''it would stand up and give service ninety days.'' None of this was in the written contract. Upon appellant's objection, the court held that evidence of such oral agreement made prior to the execution of the written contract was inadmissible, but that evidence of a subsequent contract would be admissible.

Thereupon, Hall testified that members of the firm made the same agreement with him right after the contract was executed, and on other subsequent occasions when he carried the car to them for repairs. He said that after he had been in possession of the car a few days it developed a knock, would not run satisfactorily, and consumed an excessive amount of oil. When he carried it back on these occasions for repairs, Pritchard & Hollowell promised him they would make the car stand up for ninety days or give him a new car. After he had the car about a month, it would not run although they had attempted twice before to fix it; they took the car on the same promise; told him they had sent it to Memphis to be repaired, and that the car was not again delivered to him; he never saw it again; he bought a new car elsewhere, and never, so far as the record shows, made further demand upon Pritchard & Hollowell for the car.

594

Pritchard denied any oral agreement with Hall; said when the car was brought back for repairs the cylinders were burned some, there was no water in the radiator, and the car had gotten too hot. He denied that they had repossessed the car, but said that the agent of C. I. T. Corporation, which then owned the note and the contract, repossessed the car from Hall and brought it to their place of business at Oxford where they were local dealers in automobiles. The record discloses that Hall must have had possession of the car for more than two months. Hall admitted that he knew of no other consideration for the subsequent agreements except the payment, by him, of the note here in suit.

The appellant, Pritchard, requested a peremptory instruction which was refused by the court.

On these facts, of course, there was no failure of consideration, for there was no contract of warranty, either expressed or implied. The written contract executed by Hall expressly stated that he had examined the car and agreed to pay the stipulated price therefor "in its present condition."

But the court submitted the case to the jury on the theory of a new or subsequent contract, and the jury have, by their verdict, accepted Hall's version of the facts. The jury was instructed that if they believed these facts, they should return a verdict for the defendant.

The effect of all this evidence, as found by the jury, is that about two months after the purchase and receipt of the car by Hall, he carried it to Pritchard & Hollowell, on their oral agreement to make it stand for ninety days, or give him a new car. They did not comply with this agreement, but kept the car and never offered to deliver it to Hall.

A written contract may be changed or modified by a subsequent oral agreement, provided that the new oral agreement is supported by an additional consideration.

Edrington v. Stephens, 148 Miss. 583, 114 So. 387; 24 R. C. L., p. 154, 55 C. J., sec. 680, p. 671. We have searched this record in vain for the new or additional consideration moving from Hall to Pritchard & Hollowell, and find none. There remains nothing but the additional promise by appellant given in consideration of the original note.

Appellee advances the suggestion that although the consideration may be slight, or trivial, it is sufficient if it benefits one and is a detriment to the other party. Magee v. Catching, 33 Miss. 672. Therefore, he says he surrendered possession of his car to appellants who never returned it to him. This cannot be distorted into a consideration for a new or an additional contract. It may have constituted an unlawful conversion of the car by appellants, but a subsequent conversion cannot be treated as a consideration for a pre-existing contract. Hall might have a legal or equitable set-off or recoupment— the unliquidated damages occasioned by an unlawful conversion—but there is neither plea nor proof to sustain that, and the case was not so tried. Indeed, there is no plea of new contract for a consideration. Neither recoupment nor set-off was hinted or suggested in the lower court.

In our view, all the evidence offered constituted no defense to the note here sued on, and there being no express or implied warranty originally, the case is controlled by Bellville Supply Co. v. Dacey, 141 Miss. 569, 106 So. 818; Gerard Motor Co. v. McEachern, 150 Miss. 437, 116 So. 816.

We have dealt with this case on the pleadings and proof, and the theory upon which it was tried in the lower court, as demonstrated by appellee's instructions, and the theories upon which the case might have been tried are, therefore, not considered by us. Appellee filed no cross-appeal here.

The court below erred in refusing appellant a peremptory instruction for the amount sued for with six per cent interest from September 5, 1930, and an attorney's fee of fifteen per cent of the total amount of principal and interest, as provided in the note, and the judgment will be altered here accordingly.

Reversed, and judgment here for appellant.