NEGRO Y. W. C. A. *et al. v.* CITY OF JACKSON.

(Division B.   April 21, 1947.   Suggestion of Error Overruled May 19, 1947.)

[30 So. (2d) 60.   No. 36428.]

**Howie, Howie & McGowan** and **H. C. Stringer**, all of Jackson, for appellants.

Harold Cox, of Jackson, for appellee.

**Griffith, P. J.**, delivered the opinion of the court.

The personal property here involved is in the Negro Y.W.C.A. building which was leased by the City on April 12, 1943, and whatever question might have been raised as to the ownership of the personal property, that question was foreclosed, so far as the parties to this suit are concerned, by the concluding clause written in the lease that "It is further agreed that all equipment placed in said building belongs to the party of the second part (the City of Jackson) and may be removed on termination of the lease," unless, as contended by appellant, the lease contract was subsequently modified as regards that ownership, and the incidents thereof.

The proof shows that subsequent to the lease, the Mayor of the City, then but not now in office, made a public address to about two hundred colored citizens interested in the Negro Y.W.C.A., and therein stated that upon termination of the lease—and it had been terminated before this suit was brought—the City would permit the property to remain in the Negro Y.W.C.A. building and to become then the property of that organization.

We will pretermit the questions whether the City could donate property belonging to it; whether, if so, a written order or resolution by the City Commissioners was necessary—and there was none—and whether a written conveyance was necessary under the statute of frauds, but will proceed to appellants' contention that the statement by the then Mayor constituted an oral modification of the written contract. If we conceded for the purpose of this case, and for that purpose only, that such a modification was made, it was necessary to the validity of the modification that it be supported by a new and additional consideration, Pritchard v. Hall, 175 Miss. 588, 167 So. 629, and to use the language of a sentence found in that case, we have searched in vain for the new or additional consideration moving from appellants to the City. There is nothing to show that the City obtained any advantage beyond what it already had, or that appellants suffered any detriment not already suffered, of any substantial character whatsoever. Thus, in legal effect, the contract stood as it has been originally written.

The chancellor correctly held that the property in controversy belongs to the City, but declined to decree its possession until the City should show that it had some actual and immediate need for it. We think that as between the parties to this suit, this was a question for the City to decide as to when it wanted the property, and as to what it was going to do it. The City held a written contract that it could remove the property on the termination of the lease, and the lease having been terminated,

the right to remove had become fixed in the City, and the chancellor should have adjudged accordingly. The cross-appeal of the City will be sustained and the decree so far, but so far only, as it denied immediate recovery will be reversed and a proper decree for the City will be entered here.

Affirmed in part, reversed in part, and modified decree here.