**SACRED HEART SOUTHERN MISSIONS, INC., a Mississippi Corporation, Plaintiff,**

**v.**

**TERMINIX INTERNATIONAL, INC., a Tennessee Corporation, Defendant.**

**No. DC 79–105–S–P.**

United States District Court, N. D. Mississippi, Delta Division.

Oct. 11, 1979.

Charles W. Broun, III, Southaven, Miss., for plaintiff.

John J. Corlew, III, Waring, Cox, Sklar, Allen, Chafetz & Watson, Memphis, Tenn., for defendant.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This action is before the court upon the motion of the defendant Terminix International, Inc., for summary judgment, pursuant to Rule 56, Fed.R.Civ.P. The action was originally brought in the Circuit Court of DeSoto County, Mississippi, but the defendant filed a timely petition for removal to this court under 28 U.S.C. § 1446. Defendant has alleged in its petition for removal that there is diversity of citizenship between the parties, that the amount in controversy exceeds $10,000, and that this court therefore has jurisdiction pursuant to 28 U.S.C. §§ 1332 & 1441.

Plaintiff Sacred Heart Southern Missions, Inc., a corporation organized and existing under the laws of the State of Mississippi, alleges that the defendant Terminix International, Inc., entered into a contract with the plaintiff on July 17, 1964. This contract, which was for protection against termites at certain buildings of Sacred Heart School, has been renewed annually since 1964, and the plaintiff has made renewal payments. It is a contract for service only, and specifically states that it is not a guarantee "against present or future damage to property or contents." The liability of Terminix International, Inc., was not to exceed $5,000, but this was liability only for the failure to provide service protection.

The plaintiff further alleges that in response to a letter from the defendant requesting a renewal payment, the plaintiff made such a payment on March 6, 1979, covering service from July 17, 1978 to July 16, 1979. In that letter requesting a renewal payment, the plaintiff maintains that the defendant agreed to insure the buildings against termite damage, up to an amount of $150,000.[1] This is substantially different from the original contract, which provides no guarantee against property damage. In April of 1979, the plaintiff discovered extensive termite damage to one of the buildings covered by the service contract and the plaintiff now seeks to recover costs of repairing that damage from the defendant.

The defendant has filed a motion for summary judgment, together with supporting affidavits, alleging that it is entitled to a judgment as a matter of law. Defendant maintains that the notice of renewal which contained the insurance against termite damage was sent as a result of a clerical error, and was such an obvious mistake that the plaintiff could not have accepted it in good faith as a modification of the original contract. Defendant also alleges that the

---

1. The third paragraph of the renewal notice states:

Please realize that this renewal insures your home against termite damage up to $150,-000.00. Also, by keeping this paid each year you save the cost of an additional initial treatment if your contract cancels.

letter was not supported by consideration. The affidavit of Edward Phelan, who was the manager of the Memphis branch of the defendant at the time the renewal notice was sent, states that the notice was sent as the result of a routine check of customer records. The particular notice which was sent to the plaintiff pertained to a contract containing a damage guarantee, and should not have been sent to the plaintiff. Mr. Phelan further states that any modification or amendment to an existing contract would have required his approval under standard branch procedures, and there was no such approval in the instant case.

The affidavit of Ronald Dixon, who succeeded Mr. Phelan as branch manager in Memphis, also states that there were no modifications to the service contract. The final affidavit submitted by the defendant is that of Mr. Charles J. Hromada, who is the Senior Vice President of Licensee Operations/Technical Services. He states that the same treatment services are provided the defendant's customers, regardless of whether or not the contract also guarantees against termite damage.

Defendant's motion, supported by these affidavits, emphasizes that the plaintiff was sent the wrong form of cancellation notice, because of a clerical error. The form sent to plaintiff referred to an existing termite protection contract, which was not the type of contract covering the plaintiff. This notice, according to the defendant, was not intended as a modification of the existing contract; it was simply a clerical mistake. Defendant argues that under applicable Mississippi law, the alleged modification cannot be enforced because it was the result of the defendant's unilateral mistake. Even if there was a valid modification, the defendant argues that a lack of consideration rendered that modification unenforceable.

The plaintiff has not responded to the defendant's motion and affidavits in a manner which is contemplated by Rule 56. Defendant has presented supporting affidavits which the court finds to be in compliance with Rule 56(e).[2] Since the defendant's motion has been supported in this manner, the plaintiff should not be allowed to rest on the allegations contained in its original declaration. Its response to the defendant's motion "by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." The Rule also provides that affidavits may be opposed "by depositions, answers to interrogatories, or further affidavits"; however, the plaintiff has submitted nothing in opposition to the defendant's affidavits except a response to the motion and a memorandum of authorities as required by the Local Rules of this court. In accordance with the language of Rule 56, therefore, this court shall enter a summary judgment against the plaintiff, if it is otherwise appropriate. *See, e. g., Saenz v. University Interscholastic League,* 487 F.2d 1026 (5th Cir. 1973); *Beal v. Lindsay,* 468 F.2d 287 (2d Cir. 1972).

Summary judgment is appropriate in this action if the affidavits and pleadings show that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. Defendant submits that the unopposed affidavits demonstrate that there is no genuine issue as to any material fact, and that under applicable Mississippi law, it is entitled to a judgment. Upon a review of the affidavits, as well as the authorities cited by both parties, the court is of the opinion that summary judgment should be granted in this action.

Defendant contends that the renewal notice which allegedly modified the existing contract was the result of a unilateral mistake which was so fundamental that the plaintiff could not take advantage of it. The general rule in Mississippi is that equity will not grant relief from a mistake, if that mistake is "merely the result of inat-

---

2. There are three requirements for the affidavits made in support of or opposition to a motion for summary judgment. They "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Rule 56(e), Fed.R.Civ.P.

tention, personal negligence, or misconduct on the part of the party applying for relief." *Hunt v. Davis*, 208 Miss. 710, 725, 45 So.2d 350, 352 (1950), *citing Wall v. Wall*, 177 Miss. 743, 171 So. 675 (1937). A court granting equitable relief, however, should determine whether or not it would be inequitable or unjust to allow one party to profit from the mistake of the other party. In the case of *Mississippi State Bldg. Comm'n v. Becknell Constr., Inc.*, 329 So.2d 57 (Miss.1976), the Mississippi Supreme Court stated that where one party seeks to take advantage of the other through the other's mistake, the mere fact that the mistake was due to some degree of negligence will not preclude equitable relief. The court cited with approval the statement made by the Supreme Court of Oregon, in *State Highway Comm'n v. State Constr. Co.*, 203 Or. 414, 280 P.2d 370 (1955):

> But where the mistake is of so fundamental a character, that the minds of the parties have never, in fact, met; or where an unconscionable advantage has been gained, by mere mistake or misapprehension; and there was no *gross negligence* . . . ; and the parties may still be placed *in statu quo*; equity will interfere, in its discretion, in order to prevent intolerable injustice.

This court is of the opinion that this rule of law cited by the Mississippi and Oregon Supreme Courts is applicable to the situation in the instant case. The affidavits establish that the particular renewal notice which was sent to the plaintiff was a mistake, and was certainly not intended to modify the contract. Any such modification must have been approved, and there was no such approval. To allow the plaintiff to gain an advantage of a $150,000.00 protection clause because of a clerical error is certainly unconscionable, and such an advantage is in this court's opinion the type of injustice which the Mississippi courts would seek to prevent. To allow this alleged modification, when there was no "meeting of the minds", would be contrary to the weight of authority. *State Highway Comm'n v. State Constr. Co., supra.* The plaintiff alleges that the representations in the renewal notice induced it to make the renewal payment and extend the contract, but the contract had been renewed every year for fourteen years, without such representations being made. Furthermore, there was no consideration for any alleged modification and the law in Mississippi is clear that any modification of a written contract must be supported by an additional consideration. *Producer's Gin Assoc. v. Beck*, 215 Miss. 263, 60 So.2d 642 (1952); *Pritchard v. Hall*, 175 Miss. 588, 167 So. 629 (1936). Of course, Mississippi Law controls the rights of the parties. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); 28 U.S.C. § 1652.

The court is of the opinion that the defendant is entitled to a judgment as a matter of law. Plaintiff has produced no specific facts, in the manner provided in Rule 56, to show that there is a genuine issue for trial. Therefore, the court will sustain the defendant's motion for summary judgment.

An appropriate order will be entered.