BAKER & MCDOWELL HARDWARE   CO. *v.* ELLIS.*

(Division B.   Feb. 6, 1928.)

[115 So. 425.   No. 26807.]

1. SALES.   *Seller of automobile, stipulating that sale was subject to
   provisions of manufacturer's warranty became bound by terms
   thereof.*

   Seller of automobile stipulating in sales contract that sale was
   made subject to provisions of standard warranty of manu-
   facturer, and that said warranty was made a part of order,
   thereby adopted such express warranty and became bound by its
   terms.

2. SALES.   *Evidence in buyer's action for breach of automobile war-
   ranty showing certain expenditures for repairs and cost of
   new motor held too indefinite.*

   In action by buyer of automobile against seller for breach of war-
   ranty in sales contract, evidence as to items of damages showing
   certain expenditures for repairs and cost price of new motor
   *held* too indefinite.

3. SALES.   *Measure of damages for breach of warranty, where buyer
   keeps property, is difference in value when received from that in
   case of conformance to warranty.*

   Where buyer of automobile elected to pay for and keep car and
   bring suit against seller for breach of warranty, measure of dam-
   ages on showing breach of warranty is difference in value of
   automobile as it was when received and as it would have been
   if up to warranty.

*Corpus Juris-Cyc. References: Sales, 35Cyc, p. 369, n. 11; p. 465,
n. 93; p. 468, n. 7; On the question as to whether express warranty as
to quality excludes implied warranty as to quality, see annotation in
33 L. R. A. (N. S.) 501; 24 R. C. L. 158.

APPEAL from circuit court of Adams county.
HON. R. L. CORBAN, Judge.

149 Miss.—17.

Suit by A. K. Ellis against the Baker & McDowell Hardware Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded for a new trial on question of damages only.

*Engle & Laub,* for appellant.

In a present executed sale of an automobile by a dealer, who was not the manufacturer, there is no implied warranty against defects, though latent, in the absence of fraud of the dealer. *Industrial Finance Corporation* v. *Wheat,* 107 So. 382; 142 Miss. 536, and cases therein cited.

*Brandon & Brandon,* for appellee.

It is the contention of the appellant that the manufacturer's warranty printed on the back of the buyer's order was not adopted by the appellant and made the warranty of the appellant, but the reference to the warranty simply passed on to the appellee the benefits of the manufacturer's standard warranty. This position is untenable, for, if true, the appellant would be doing a vain thing and a thing which it could not do under the law. The decisions are clear to the effect that upon a second sale of a chattel one cannot pass on to a third person benefits of a warranty made by the original seller to the original purchaser, there being no privity of contract between the original seller and the last purchaser. (See 27 A. L. R. 633 and annotations thereunder.) As a result of the appellant having had printed upon the back of its buying orders and referred to on the face of the same, the manufacturer's standard warranty gave this appellee no cause against the manufacturer for any breach of such warranty, nor did this act on the part of the appellant create any contractual relation between the manufacturer and the appellee. Therefore, the effect of the appellant's act was to adopt the warranty of

the manufacturer and to give the same to the appellee as the warranty of the appellant. To hold otherwise would be to construe that the appellee received no warranty whatever when such was clearly not the intent of the contract between the appellee and the appellant.

Argued orally by *G. H. Brandon,* for appellee.

PACK, J., delivered the opinion of the court.

Appellant operated a sales department as local dealer in "Star" automobiles in the city of Natchez. Appellee purchased from appellant a touring car of this make. These cars were manufactured by the Durant Motor Corporation. The sale was evidenced by a written conditional sales contract designated as "Buyer's Order." The total purchase price was six hundred fifty dollars. Appellee made an initial cash payment of sixty-eight dollars, traded in another car at four hundred thirty-five dollars, and executed seven promissory notes for twenty-one dollars each for the balance. These notes were assigned to a third party and paid by appellee at maturity. The suit was based upon an alleged breach of warranty in the sales contract, and resulted in a judgment for appellee in the sum of three hundred nine dollars. That part of the order pertaining to a warranty reads as follows:

"It is agreed that this purchase is made by me, subject to the provision of the standard warranty of the manufacturer which is printed on the back of and made a part of this order, and that it is the only warranty, either expressed or implied, made under this order, or otherwise."

We quote from the warranty referred to as follows:

"This is to certify that we, the Durant Motor Corporation, warrant each new motor car manufactured by us to be free from defects in material and workmanship under normal use and service, our obligation under this

warranty being limited to making good at our factory any part or parts thereof which shall within ninety days after delivery of such vehicle to the original purchaser be returned to us with transportation charges prepaid, and which our examination shall disclose to our satisfaction to have been thus defective, this warranty being expressly in lieu of all other warranties expressed or implied, and of all other obligations or liabilities on our part, and we neither assume nor authorize any other person to assume for us any other liability in connection with the sale of our motor cars.''

The appellant put on no proof. Appellee's proof was to the effect that the motor was defective. He testified that the motor burned an excessive quantity of oil; that the car was lacking in power, and soon developed a knock and rattle. This trouble developed within a few days after the purchase. Upon discovering the defect, he carried the car to appellant within some six weeks after the purchase. The appellant's mechanic examined it, and his examination disclosed that the bore and block were oversized. Appellant kept the car in the repair shop a day or two, but did not remedy the defect. The appellee further testified:

''I asked them to give me a new motor and they would not do it, and I offered to let them take it out and ship it back, but they did not do anything.''

The appellant's mechanic testified that the cylinders were from twenty-one one-thousandths to twenty-five one-thousandths oversize, and that no two cylinders had the same bore in the motor, and the pistons were undersize; that this defect would cause the pistons to ''slap'' and cause it to pump oil, and, in the course of time, would cause loss of power. It was further shown that a difference of one one-thousandths from standard specifications is permissible.

As proof of damages, appellee undertook to show certain expenditures for repairs, one item of which had been incurred more than twelve months after the sale, and

was also permitted, over appellant's objection, to show the cost price of a new motor.

The appellant presses three points as the main grounds for reversal: (1) That the warranty in the ''Buyer's Order'' was the warranty of the manufacturer and not that of the dealer, and, before recovery for a breach thereof, appellee was required to show compliance therewith by shipping the motor to the manufacturer, etc.; (2) that the defect complained of was a latent defect, and, in the absence of fraud on the part of the dealer, no recovery can be had; (3) that the instructions for the plaintiff announced an incorrect rule for the measure of damages.

The appellant stipulated in the contract that the sale was made subject to the provisions of the standard warranty of the manufacturer, and that said warranty was made a part of the order. In writing this into the contract, it adopted the express warranty of the manufacturer, and, having done so, became bound by its terms. 24 R. C. L. 157; *Loxtercamp* v. *Lininger Implement Co.,* 147 Iowa, 29, 125 N. W. 830, 33 L. R. A. (N. S.) 501; 2 Mechem on Sales, section 1240.

Appellant cites as authority in support of his second proposition the case of *Industrial Finance Corporation* v. *Wheat,* 142 Miss. 536, 107 So. 382. We have examined this case, and also the case of *Belleville Supply Co.* v. *Dacey,* 141 Miss. 569, 106 So. 818, a parallel case. In both of these cases, this court was dealing with a contract containing no express warranty of the quality of car. The purchaser relied upon an implied warranty against a latent defect in the car sold by the dealer. In the former case, quoting from the syllabus, it was held:

''In a present executed sale of automobile by dealer, who was not the manufacturer, there is no implied warranty against defects, though latent, in absence of fraud of dealer; buyer not having, to seller's knowledge, relied on seller's, instead of his own, judgment.''

Here we have a contract containing an express warranty which was adopted by the dealer as its own warranty.

The evidence as to the several items of damage was too indefinite, and the instructions for plaintiff in the court below did not follow the well-established rule which fixes the measure of damages in such cases. Appellee elected to pay for and keep the car and bring suit for breach of warranty. The measure of damages, where a breach of warranty is shown in such case, is the difference in the value of the chattel as it was when received, and as it would have been if up to warranty. *Mobile Auto Co.* v. *Sturges & Co.,* 107 Miss. 848, 66 So. 205; *Bowers* v. *Southern Automatic Music Co.,* 114 Miss. 25, 74 So. 774; *Stillwell et al.* v. *Biloxi Canning Co.,* 78 Miss. 779, 29 So. 513; *Hall Commission Co.* v. *Crook,* 87 Miss. 445, 40 So. 20, 1006.

No instruction given to either party announced this rule for the guidance of the jury.

The judgment will therefore be reversed and remanded for new trial on the question of damages only.

*Reversed and remanded.*