WILLIAMS *v.* McCLAIN.

(Division A.  Nov. 8, 1937.)

[176 So. 717.  No. 32879.]

Loving & Loving, of Columbus, for appellant.

8

Cowles Horton, of Grenada, for appellee.

**McGowen, J.,** delivered the opinion of the court.

Anderson Williams, doing business as Williams Carriage Hearse & Auto Company, of St. Louis, Mo., brought an action of replevin against J. K. McClain, appellee, to enforce a limited interest by virtue of a lien or mortgage contract against him. Issue being joined and the evidence being heard, the jury returned a verdict for the appellee and judgment accordingly, and the appellant, Anderson Williams, appeals here.

The appellant assigns as error the refusal of a peremptory instruction by the court requested by him. The material facts are as follows: On the 7th day of May, 1935, the appellee, in the office of the appellant in the city of Saint Louis, Mo., purchased one Ford limousine hearse, after having inspected the hearse and having driven it around for a time, in company with one of the appellant's employees. The deal was consummated by a contract of sale, a mortgage or retention of title contract, and twelve notes for $50 each, payable monthly thereafter. McClain, the appellee, paid $300 cash, and executed the twelve notes aforesaid as a consideration for the hearse, making a total purchase of $900. In connection with this evidence as to the sales contract and the retention of title or mortgage contract, the unpaid notes were offered in evidence, showing that there was a balance due on them, including attorney's fees and interest, of $252.05.

Williams testified that the appellee made an inspection of the car, and, after the appellee had driven it around for awhile, it was delivered to him and he drove it back to Duck Hill, Miss.

The contract of sale appears to have been an order executed by the appellee to the appellant for a consideration of $900, to be paid, as we have above stated, for "One ——— Model No. Limousine Ambulance Hearse," and further described therein as "1 used Ford Hearse as is, 2 attendant seats, 1 rug, 1 Pr. name Plate." On the back of this contract was a warranty by the Henney Motor Company conforming to the standard warranty of the National Automobile Chamber of Commerce, and immediately thereunder the statement of the appellant adopting the warranty of the National Automobile Chamber of Commerce, and calling attention to the warranty made by the manufacturer of Henney vehicles, which did not have the slightest reference to a Ford motor vehicle.

Contemporaneously with this sales contract, McClain executed, in favor of appellant, a retention of title contract wherein the property was described as "One Ford Limousine-Hearse and two attendant seats, Serial No. 4103, Engine No. 18-204682, Model No. 1933, complete with component equipment," etc., and wherein title thereto was retained by the appellant, and the parties thereto were referred to, respectively, as vendor and vendee, setting forth a description of the notes executed for the balance of the purchase money. The declaration, the affidavit for the writ of replevin, and the writ all described the hearse as described in the retention of title contract. The affidavit and writ of replevin, and also the declaration, each described the hearse as a 1933 model.

McClain testified that he purchased the hearse in question from the appellant, doing business as the Williams Carriage Hearse & Auto Company, at his office in St. Louis, on the representation by appellant that the vehicle was a 1933 model, and, after paying eight notes as they became due monthly, he found that a 1933 fan belt would not fit the motor vehicle purchased, that it required a 1932 fan belt; and, after investigation, it was discovered that the appellant had delivered to him a 1932 model motor vehicle.

Other witnesses testified, as experts, that the hearse in question was a 1932 model. McClain testified that he had already paid more than its value in that it was a 1932 model instead of a 1933 model. He complained, by letter, to the appellant about the condition of the car, to which appellant responded, on December 31, 1935, that the hearse was sold to him "as is," and further in the letter that "Our records show this hearse was bought new by the original owner in March, 1933."

There was testimony by other witnesses that there was a material difference in the trade-in value between a 1933 and a 1932 model of car in the same mechanical

condition. One witness testified that, according to the schedule adopted by finance companies, the difference in value between the two models was $200; in other words, that a Ford 1933 model car was valued at $200 more than a Ford 1932 model in the same condition.

No objection was interposed to any of this evidence, as to the model or value of a motor vehicle, by the appellant; but, if objection had been made, there was no violation of the parol evidence rule here, as the evidence conformed to and was in harmony with the retention of title contract.

It is the precise contention of the appellant that the words "as is," quoted from the sales contract, are conclusive and controlling that there was no warranty as to the model of hearse. We think the evidence is undisputed that the sales contract, and the retention of title contract executed at the same time as a part of the same transaction, show beyond question that the hearse was represented to the appellee as a 1933 model, and that he relied upon such representation. We think the evidence further established, without conflict, that the hearse was a 1932 model. All the documents mentioned showed the contract between the parties.

No evidence was offered by the appellant on the difference in value between the 1932 and 1933 models of cars; and the effect of the evidence offered on behalf of the appellee was that there was at least $200 a year difference in value between a 1932 and 1933 model, both being of the same kind, in the same mechanical condition, and of Ford manufacture.

There is no implied warranty of a used motor vehicle, but where the written contract, as an entirety, shows that the motor vehicle was sold as a 1933 model, there is an express warranty that it is of that model. The 1933 model as read in connection with the phrase "as is" means that the seller sold and the buyer purchased a Ford hearse of the particular number as a 1933 model

"as is;" in other words, the buyer accepted a 1933 model in its then physical and mechanical condition.

In the retention of title or mortgage contract, there is this statement: "Said promissory notes and this agreement constitute a complete contract, which covers all conditions and agreements, both oral and written, between the parties and their agents and employees," etc.

It is a material representation that the motor vehicle is of a certain year of manufacture. See 42 C. J., section 312, page 777. "A contract of sale of a motor vehicle designating it as a model of a particular year constitutes a warranty that it is of that model, and the warranty is broken by delivering to the buyer a model of a different year." 42 C. J., section 325, page 781. The purchaser of a motor vehicle, of course, expects, and has a right to expect, that the "life expectancy" of a motor vehicle of 1933 model will be one year longer than that of a 1932 model; and it is idle to say that a representation, in writing, as we have before us, that a motor vehicle of the 1933 model would not be worth more to the purchaser than one of the 1932 model, conceding that the physical and mechanical condition of each might be apparently the same. Around every village, town, and city in the state of Mississippi are to be found "cemeteries" for worn-out motor vehicles. "An examination by a prospective buyer of a motor vehicle to ascertain its condition does not exclude his right to rely upon the seller's false representation as to the year of its manufacture, nor is he as a matter of law to be held to know that the vehicle is not of the year represented because the model plate shows otherwise." 42 C. J., section 313, page 778.

For an interesting discussion of this question see Pendell v. Warren, 76 Cal. App. 33, 243 P. 707; also see Foutty v. Chalmax Sales Co., 99 W. Va. 300, 128 S. E. 389.

The difference in value between the two models, 1932 and 1933, seems to have been established by evidence not objected to or contradicted by the appellant. This evidence brings the case within the rule announced by this court in Baker & McDowell Hardware Co. v. Ellis, 149 Miss. 257, 115 So. 425; The "measure of damages on showing breach of warranty is difference in value of automobile as it was when received and as it would have been if up to warranty."

The instructions given for the appellee and appellant were contradictory, but, in the light of our view of the facts, the appellee was entitled to a peremptory instruction, and, therefore, the appellant cannot complain of the instructions.

Affirmed.