MAYFIELD MOTOR CO., INC. *v.* PARKER.

No. 39346          November 8, 1954          75 So. 2d 435

*S. T. Roebuck,* Newton, for appellant.

154

*A. B. Amis, Jr.,* Newton, for appellee.

Lee, J.

This is an appeal by Mayfield Motor Company, Inc. from a judgment of the Circuit Court of Newton County, which awarded to A. Q. Parker damages on account of alleged false representations concerning a certain automobile.

The plaintiff, in his declaration, charged in effect that Gene May and Neal Horn, agents of the motor company, on September 14, 1951, sold him a Plymouth Fordor Sedan for $800; that they represented it to be a 1948 model in good mechanical condition; that the automobile was actually a 1946 model and was not in good mechanical condition and was not worth $800, that such representations were willfully, maliciously and intentionally made, and by reason thereof, he was induced to make the purchase, and subsequently, was required to expend a substantial sum of money for repairs.

The answer denied that the defendant made any intentional misrepresentation; that, if the automobile was a 1946 model, such fact was not known to the defendant

at the time; that it was actually worth $800, and was not in bad mechanical condition; and that the company guaranteed the automobile for a period of thirty days, and plaintiff made no claim thereon for more than a year.

The cause was submitted to a jury, and they found for the plaintiff in the sum of $300.

The motor company acquired the automobile from Mrs. Jimmie Ethridge. Her bill of sale was at home at the time. May told her that he would get it later. However, he did not do so until after this controversy arose. The bill of sale, when obtained, showed the car to be a 1946 model. Three or four days after the purchase, on September 14, 1951, May sold the car to Parker. He represented it to be a 1948 model, it was so described in Parker's bill of sale, and Parker relied on such representation. May's explanation was that the husband of Mrs. Jimmie Ethridge told him that the car was a 1948 model; that he did not care so much about the model; and that he could tell no difference between these two models. There was positive proof that it was a 1946 model. While the evidence showed that the difference in these two models is not distinguishable to the average person, it was clear that the models can be identified by the cover over the door lock in most instances; but, if not in that way, at least by reference to the serial number; and that automobile dealers have the facilities to make the identification. All of the evidence was to the effect that, if automobiles of the two models are in the same mechanical condition, the 1948 model is worth more. The plaintiff offered proof that the difference in sale value in this instance was $300 to $350.

■■■ The representation that a Ford hearse was a 1933 model when in fact it was a 1932 model has been held to be a material one. Williams v. McClain, 180 Miss. 6, 176 So. 717. Parker had the right to rely on May's representation. He had no means at the time of determining that it was false. Besides, he was inexperi-

enced in such matters. Nash Mississippi Valley Motor Company v. Childress, 156 Miss. 157, 125 So. 708.

Mrs. Ethridge's bill of sale would have shown, at the time of this sale, that the automobile was a 1946 model, but the defendant did not obtain such bill of sale. The cover over the door lock would have probably indicated the model, but the defendant did not make such observation. A reference to the serial number would have conclusively determined the model, but the defendant did not make such reference.

In H. D. Sojourner & Company v. Joseph, 186 Miss. 755, 191 So. 418, on the question of what amounts to proof of *scienter,* or such knowledge as charges one with the consequences of his acts, in fraud and deceit, this Court recognized as stating the settled rule, a quotation approved in Vincent v. Corbett, 94 Miss. 46, 47 So. 641, 21 L. R. A. (N. S.) 85, as follows: "To make a party liable in an action at law for false representations, it must be shown that he made the representations with actual knowledge of their falsity, *or without knowing whether they were true or false, or under such circumstances that he ought to have known that they were false, whether he did or not.*" (Emphasis supplied.) See also 23 Am. Jur., Fraud and Deceit, Section 20, p. 773; 37 C. J. S., Fraud, Section 19, p. 254 and (c) Section 21, p. 258.

Under defendant's own version, its agents did not know whether the model was a 1946 or 1948, and yet they represented it to be a 1948. A reasonable examination would have shown that it was a 1946 model. Hence it ought to have known that the representations were false.

Appellant complains that it was error to admit Parker's bill of sale in evidence because a copy thereof was not annexed to the declaration. But this suit was not founded on open account or on a writing, and Section 1469, Code of 1942, therefore has no application. This was a tort action, founded on fraud and deceit. The plaintiff had the right to choose

this form of action. Laurel Auto Supply Company v. Sumrall, 184 Miss. 88, 185 So. 566; Hunt v. Sherrill, 195 Miss. 688, 15 So. 2d 426.

By plaintiff's instruction, designated number 3, the jury was instructed in substance that if they believed from "a clear and convincing preponderance of the evidence" that the automobile was a 1946 model, and that it was represented as a 1948 model, then they should find for the plaintiff in an amount equal to the difference in value between the two models.

██ Hunt v. Sherrill, supra, collates many authorities that "fraud must be shown by evidence which is clear and convincing" and that the proof must be "clear and more convincing than a mere preponderance." The instruction was correct. ██ The defendant did not maintain that the automobile was a 1948 model. It just did not know. On the contrary, the proof for the plaintiff established that it was a 1946 model. Following the above cited authority, the defendant, under the admissions of its own witnesses, was liable for the difference in value.

██ Appellant contends that the instruction is in conflict with its instructions, designated numbers 4 and 5. This is true. But those instructions were erroneous and improper. They required the plaintiff to prove that the falsity of the representation was actually known by the defendant. The plaintiff was not required to assume such a heavy burden. ██ Since the plaintiff's instruction was correct, the appellant cannot complain of the conflict with its two instructions, since they were more than it was entitled to. Hardaway Contracting Company v. Rivers, 181 Miss. 727, 180 So. 800.

The like criticism of plaintiff's instruction, designated number 1, is not tenable.

██ The issue as to the mechanical condition of the automobile was in sharp conflict. However, since the verdict of the jury, in amount, was warranted solely

by the difference in value of the two models, it is not necessary to recount the disputed facts on that issue, or to deal further with that question.

The court properly overruled the defendant's motion for a directed verdict in its favor. The verdict of the jury was amply sustained by the evidence. No harmful error appears in the record.

It follows that the judgment of the lower court must be, and is, affirmed.

Affirmed.

*McGehee, C. J.,* and *Hall, Kyle* and *Holmes, JJ.,* concur.