## Morrow *v.* Barron Motor Company

No. 40255          October 22, 1956          90 So. 2d 20

*Ben Stevens,* Hattiesburg; *Roy C. Bridges,* Purvis; *L. Barrett Jones,* Jackson, for appellant.

*Carl C. Welborn, Dudley W. Conner,* Hattiesburg, for appellee.

ETHRIDGE, J.

This is a suit by appellee Barron Motor Company for the balance of the purchase price of an automobile sold to appellant Doyle Morrow, who was defendant in the trial court. Morrow denied liability, and by a counter-claim sought damages for breach of an express warranty by the seller. After hearing the evidence, the Circuit Court of Lamar County gave a peremptory instruction for plaintiff in the amount of $479.22. The peremptory instruction necessarily denied Morrow, the

buyer, any recovery under his counterclaim for breach of warranty.

On August 22, 1955, Morrow purchased from Barron Motor Company a new Ford automobile. He traded in his old car. The balance of the time purchase price was $2,092.32. The seller, Barron Motor Company, gave the following written dealer's warranty:

"As the owner of a new Ford, you are entitled to the 1,000 mile inspection service as provided in the coupon attached to this policy. You should bring your new Ford back to us, your selling dealer, for this inspection service within the period provided therefor in said coupon. If this inspection service is due while you are on an extended trip or after you have changed your residence to a distant locality, this inspection service will be performed by any Authorized Ford Dealer within the United States provided you bring your vehicle to him.

"There will be no charge for this inspection service, except for the chassis lubrication and any oil used. You will be charged for any service authorized by you which may be required by reason of misuse, negligence, accident or use of parts not made or supplied by Ford Motor Company.

"Dealer warrants to Purchaser (except as hereinafter provided) each part of each Ford Motor Company product sold by Dealer to Purchaser to be free under normal use and service from defects in material and workmanship until such product has been driven, used or operated for a distance of four thousand (4,000) miles or for a period of ninety (90) days from the date of delivery to Purchaser, whichever event first shall occur. Dealer makes no warranty whatsoever with respect to tires or tubes. Dealer's obligation under this warranty is limited to replacement of, at Dealer's location, or credit for, such parts as shall be returned to Dealer with transportation charges prepaid and as shall be acknowledged by Dealer to be defective. This warranty shall not apply to

any Ford Motor Company product that has been subject
to misuse, negligence or accident, or in which parts not
made or supplied by Ford Motor Company are used if,
in the sole judgment of Dealer, such use affects its per-
formance, stability or reliability, or which shall have
been altered or repaired outside of Dealer's place of
business in a manner which, in the sole judgment of
Dealer, affects its performance, stability or reliability.
This warranty is expressly in lieu of all other warranties,
express or implied, and of all other obligations or liabili-
ties on the part of Dealer, except such obligation or
liability as Dealer may assume by its Authorized Ford
Dealer's Service Policy or separate written instrument.''

The conditional sale contract called for payments in
twelve installments, the first due on September 1, 1955.
Morrow received possession of the vehicle on August
22nd. He testified, in brief, that shortly after he bought
the car, he began to have trouble with it leaking oil and
using an excessive quantity of oil. He first took the car
back to appellee after he had it a week, complaining of
this difficulty. He took it back on two other occasions
for the same complaints. He said that the third time he
took it back appellee's shop foreman told him that the
car ''must have the head warped on it,'' that the car was
''leaking'' oil. Morrow demanded that they fix it, and
advised that he would not pay for the car until it was
fixed. He stated that the shop foreman told him that a
warped head ''could'nt be fixed. He did not say it could
not be fixed, but he did not fix it.'' It was for the jury to
determine whether Morrow's testimony means that ap-
pellee's shop foreman said that the car had a warped
head, and it could not be fixed. On one occasion, Morrow
drove the car one hundred miles and had to put two
quarts of oil in it. He and some filling station operators
testified that regularly they put additional oil in the
car. Morrow said that two days after the 1,000 mile
check-up, nearly all of the oil had leaked out, but there

might have remained two quarts in the car. He said the motor was covered with oil. He did not take the car back to Barron Motor Company after the third check-up on October 1. Morrow paid no installments, and the car was repossessed and sold.

██ █ A careful reading of the record convinces us that, if the jury should believe the testimony for appellant it would be warranted in finding that appellee had breached its warranty as to this new automobile. For that reason, the trial court was in error in giving a peremptory instruction. ██ █ A buyer has a right to maintain an action for damages for breach of a warranty by the seller without returning or offering to return the property sold. A warranty is an independent contract, and when broken may be sued upon like any other violated contract. 46 Am. Jur., Sales, Section 720.

██ █ It is also well settled that the buyer may set up by way of recoupment or counterclaim the damages resulting from a breach of warranty in reduction of the seller's recovery for the price, without returning or offering to return the property. The law does not require a party to pay for an imperfect or defective article the price stipulated for a perfect one, and, when the price is demanded, will allow him to deduct the difference between that price and the value of the inferior work, and also the amount of any direct damage flowing from existing defects. 46 Am. Jur., Sales, Section 724. In the instant case, the buyer, Morrow, by his counterclaim is asking to reduce the seller's recovery for the price because of damages resulting from the seller's alleged breach of warranty. He has a right to do that, and if the jury finds that Barron Motor Company has not complied with its warranty, he may recover to the extent he is damaged. Miss. Code 1942, Section 1483.5.

██ █ The measure of the responsibility of the seller of a motor vehicle under an express warranty is fixed by the terms of the warranty. 77 C. J. S., Sales, Section

330 (2), pp. 1200-1203. Barron Motor Company warranted to Morrow that the car would be free under normal use and service from defects in material and workmanship for a stated period, and obligated itself to replace defective parts. An automobile is a complicated and expensive piece of equipment and machinery. Hundreds of them are sold each day. Most buyers know nothing whatever about the mechanical details and operations of automobiles. It is necessary that they rely upon the warranty of the dealer and of the manufacturer. This properly places upon the seller the responsibility to remedy any defects in the car, to the extent of the warranty. The jury would be justified in concluding that there were mechanical defects in the car which Morrow purchased. If such defects exist, he can recover damages to compensate him for the seller's breach of warranty.

▆▆ ▆ The measure of damages is ordinarily the difference in the value of the car as it was when the buyer received it, and as it would have been if up to warranty. Baker and McDowell Hdw. Company v. Ellis, 149 Miss. 257, 115 So. 425 (1928); Williams v. McClain, 180 Miss. 6, 14, 176 So. 717 (1937). Stated differently it is the difference between the value of the property as warranted and the actual value in its defective condition. 47 Am. Jur., Sales, Section 890; 46 Am. Jur., Sales, Section 737. This general method of computing damages is not, however, exclusive, and the buyer may also be entitled to recover such special damages as may have been suffered as a natural and direct result of the breach of warranty. 77 C. J. S., Sales, Sections 376, 374.

▆▆ ▆ Assuming a breach of warranty, two remedies were open to the purchaser, Morrow, after he received the car. He might return it to the seller and rescind the contract, or he might accept the car, and thereby affirm the contract, and recover of the seller damages for breach of warranty, or recoup the same in an action by seller for the purchase price. Missouri Bag Company v. Chemical

Delinting Co., 214 Miss. 13, 28, 58 So. 2d 71 (1952). Appellant elected to pursue the latter remedy.

Most of the Mississippi cases dealing with the rights of purchasers of automobiles which are defective are suits in tort for fraud and deceit, for example, where the seller has misrepresented the year model of the car or its mileage. Mayfield Motor Company v. Parker, 75 So. 2d 435 (Miss. 1954); Laurel Auto Supply Company v. Sumrall, 184 Miss. 88, 185 So. 566 (1939); Nash Mississippi Valley Motor Company v. Childress, 156 Miss. 157, 125 So. 708 (1930); Lizana v. Edward Motor Sales Company, 163 Miss. 266, 141 So. 295 (1932); see also P. D. Bellville Supply Company v. Dacey, 141 Miss. 569, 106 So. 818 (1926); Industrial Finance Corporation v. Wheat, 142 Miss. 536, 107 So. 382 (1926). Cf. No. 40,208, Sullivan v. McCormick, decided October 15, 1956.

Baker and McDowell Hdw. Company v. Ellis, supra, involved an action by a buyer against the seller of a new car for damages for breach of an express warranty, which was substantially similar to that made by appellee. Plaintiff's evidence indicated that the motor was defective, burning an excessive quantity of oil, lacking in power, with knocks and rattles; and that the bore, block, and cylinders were oversize. The Court held that the buyer could recover damages for breach of warranty, but reversed a judgment for plaintiff and remanded because the jury was not properly instructed as to the measure of damages and evidence as to the several items of damage was too indefinite.

■■■ In the present case, appellant did not offer any evidence to establish the proper measure of damages, the difference between the value of the car as received and its value as warranted. Nevertheless, nominal damages may be recovered where a cause of action for a legal wrong is established, but there is no proof of actual damages. 25 C. J. S., Damages, Sections 9, 8. Assuming

on the peremptory instruction that appellant's evidence is true, he established at least nominal damages.

Pritchard v. Hall, 175 Miss. 588, 167 So. 629 (1936), was a suit by the seller of an automobile, apparently used, against the buyer, Hall, to recover the balance of the purchase price. The sales contract provided that the buyer had examined the car and accepted it in its present condition. As a defense Hall pleaded a failure of consideration. His evidence indicated that after a few days the car developed a knock, did not run satisfactorily, and consumed an excessive amount of oil. He contended that the sellers had made an express, oral, ninety-day warranty at the time of the written sale contract, and also that, after he returned the car to them for repairs, they made the same oral agreement with him again. The seller denied any oral agreement. The jury rendered a verdict for defendant, and on appeal the case was reversed and judgment rendered for plaintiff. It was held that there was no contract of warranty, either express or implied. The buyer had accepted the car in its present condition in the written contract, and could not vary that agreement by a contemporaneous oral agreement. It was further said that the later oral warranty was not supported by any new or additional consideration, and was unenforceable. On the other hand, the instant case involves an express warranty in the contract of sale.

In Williams v. McClain, 180 Miss. 6, 176 So. 717 (1937), the seller of a used car brought an action of replevin to enforce his limited interest under a lien or mortgage contract against the buyer. The seller warranted the car to be a 1933 model, when in fact it was a 1932 model. This was undisputed, as was the testimony concerning a material difference in the value of the two models. Affirming a judgment for the defendant buyer, the Court held that the seller had breached his warranty, and that the buyer was entitled to a peremptory instruction, thus

holding in effect that defendant's damages from plaintiff's breach of warranty offset the balance of the purchase price claimed by the seller.

There is no merit in appellant's contention that the car was illegally repossessed by Commercial Credit Corporation, assignee of the conditional sale contract. The repossession was in full accord with the terms of the contract, and was done openly and without force or violence, or any threat thereof, and in accord with the rule laid down in Furches Motor Co., Inc. v. Anderson, 216 Miss. 40, 61 So. 2d 674 (1952), and earlier cases. Moreover, appellant cannot complain of the method of sale of the car by the conditional vendor. The contract gave the latter the right to sell the car with or without notice, at public or private sale, and provided that the holder could be the purchaser and the sale could be made with or without having the car at the sale. Appellant does not claim the the sale was made at a price less than the reasonable market value of the vehicle, There was no error in excluding the testimony of appellant's witness Chambliss, which was hearsay. This is not a case for punitive damages. However, as previously stated, appellant was entitled to go to the jury on his counterclaim for damages for alleged breach of warranty.

Reversed and remanded.

*Roberds, P. J.,* and *Lee, Holmes* and *Arrington,* JJ., Concur.