**DiSCOUNT MOTOR SALES, INC., a corporation, Appellant,**

**v.**

**James E. SHUBROOKS, Appellee.**

**No. 2596.**

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 1, 1960.

Decided Sept. 21, 1960.

Bernard T. Levin, Washington, D. C., for appellant.

Earl H. Davis, Washington, D. C., for appellee.

Before ROVER, Chief Judge, HOOD, Associate Judge, and CAYTON (Chief Judge, retired) sitting by designation under Code § 11–776(b).

HOOD, Associate Judge.

This appeal is from a judgment for $1,500 obtained by the buyer of a used automobile against the seller for breach of warranty. The cash price of the automobile was $1,-495, and there was added to this the sum of $175.10 for collision, life, health and accident insurance, and $360.70 for finance

charges, making a total of $2,030.80. The buyer made a cash payment of $400, and gave a note, secured by a conditional bill of sale, for $1,630.80, payable in twenty-four instalments of $67.95 each. The seller gave a warranty certifying it had inspected the vehicle and in its opinion the vehicle was in good working order and under normal usage would require no repairs or replacements within ninety days, and agreed to protect the buyer from all costs of parts required to be replaced within ninety days. For alleged breach of this warranty the present action was brought.

The buyer offered evidence that immediately after the purchase the automobile was leaking oil and he twice returned it to the seller for repairs, but the condition continued to exist and the seller refused to do anything about it; that the buyer's brother had replaced the starter and generator but the automobile was unusable on many occasions; that it leaked oil continuously and the motor was noisy; and that in the nine months he had the car it was driven only 4,000 miles.

There was also testimony that one automobile repair company which inspected the car told the buyer that the main bearing was "gone" and that needed repairs to the motor would cost $241.27; and that another company, which charged the buyer $7.50 for the inspection, estimated that necessary repairs would cost $236.89. The service manager for this company testified that these repairs would include replacement of the camshaft and camshaft bushings, replacing the oil filter and oil breather filter, replacing the piston rings and rod inserts, and grinding all valves and freeing the valve guides. The buyer testified he had had none of this work done because he did not have the money. Immediately after the sale the seller had transferred the note and conditional sale contract, and the buyer had made payments on the note to the transferee.

The principal question on this appeal relates to the proper measure of damages, to the charge of the court on damages, and to whether the evidence supported the amount of damages actually awarded.

The complaint, though entitled one for breach of express warranty claimed damages of $2,030.80, the total price of the automobile, and at trial some evidence was offered which tended to attack the validity of the sale. As a result counsel for the seller sought a ruling on the question whether the action was one for a rescission of the contract or for damages for breach of warranty. Counsel for the buyer stated that the action was for breach of warranty and the court ruled that the case would go to the jury on that theory. Counsel for the buyer in argument to the jury stated that the claim was not for rescission and the court instructed the jury that the action was one for breach of express warranty. Thus our question relates to the measure of damages for breach of warranty.

The Uniform Sales Act, as adopted in this jurisdiction, provides that in case of breach of warranty the buyer may maintain an action for damages for such breach and that:

"The measure of damages for breach of warranty is the loss directly and naturally resulting, in the ordinary course of events, from the breach of warranty.

"In the case of breach of warranty of quality, such loss, in the absence of special circumstances showing proximate damage of a greater amount, is the difference between the value of the goods at the time of delivery to the buyer and the value they would have had if they had answered to the warranty." Code 1951, § 28–1507(6, 7).

Under the Uniform Sales Act, and generally, it is the rule that the measure of damages for breach of warranty is the difference between the value of the goods at the time of delivery and the value they would have had if they had answered to the

warranty.[1] This rule, however, is not exclusive, and where by reasonable expenditures the goods may be made to conform to the warranty, the cost of such expenditures may be the measure of damages.[2]

 In the instant case no evidence was offered as to the difference in value of the automobile as received and its value if it had answered the warranty. There was evidence that it needed repairs costing approximately $240, and probably the jury could have found that those repairs were required to make the automobile meet the warranty. However, the jury returned a verdict of $1,500, and if that verdict is to be sustained it must have some basis in the evidence. Although damages in this type of case do not have to be measured with mathematical accuracy, there must be some reasonably fair and accuate basis for the award of compensatory damages.

We think the basis for the jury's award is to be found in the argument of buyer's counsel to the jury. He was allowed to state to the jury the following elements of the buyer's damages: $400 representing the cash payment; $611.55 representing the amounts paid on account of the note; $1,009.25 representing the balance due on the note; $7.50 representing the amount paid for the estimate of repairs needed; and $57.40, apparently representing the cost of registration tags for the automobile. These amounts, counsel told the jury, established damages exceeding the claimed amount of $2,030.80.

Although expressly claiming damages for breach of warranty, and although there was no proof that by reason of such breach the automobile was worthless, counsel was permitted to tell the jury, in substance, that the buyer was entitled to recover the entire purchase price. This was error, and the trial court added to this error by instructing the jury that it could return a verdict for any amount up to the claimed amount of $2,030.80. The jury did not award the full purchase price but it did award $1,500 when there was no legal basis in the evidence justifying such amount. Such a verdict cannot stand.

Reversed with instructions to grant a new trial.

---

1. 46 Am.Jur., Sales, § 737; 77 C.J.S. Sales § 376; Kurlan v. Tirrell Bros. Silk Corp., D.C.S.D.N.Y., 102 F.Supp. 970; Morrow v. Barron Motor Co., 229 Miss. 51, 90 So. 2d 20; Troitino v. Goodman, 225 N.C.

406, 35 S.E.2d 277; Cannon v. Pulliam Motor Co., 230 S.C. 131, 94 S.E.2d 397.

2. 77 C.J.S. Sales § 378(b). Cf. Knox v. Akowskey, D.C.Mun.App., 116 A.2d 406.