192 So.2d 398 (1966)
LLOYD FORD COMPANY, Inc.
v.
Ralph SHARP.
No. 44151.
Supreme Court of Mississippi.
December 5, 1966.
Brunini, Everett, Grantham & Quin, Richard W. Dortch, Hubert D. Stephens, III, Jackson, for appellant.
W.E. Gore, Jr., Jackson, for appellee.
INZER, Justice:
This is an appeal by Lloyd Ford Company from a judgment of the Circuit Court of the First Judicial District of Hinds County, wherein appellee, Ralph Sharp, was awarded a judgment in the amount of $1,000 as damages resulting from the false and fraudulent representation by an agent of appellant as to the condition of a car purchased by appellee. We affirm as to liability and reverse and remand for a new trial on the question of damages unless the specified remittitur is entered.
We do not deem it necessary to detail all the facts in this case. It is sufficient to say that the proof supports the finding of the jury that appellant, acting through its agent, sold to appellee on February 13, 1964, a 1964 Galaxie Ford automobile that was represented to be a new automobile. The agreed purchase price was $2870 plus the value of a 1955 Buick automobile that appellant received from appellee in the trade. The automobile that appellant sold appellee was not a new car, but was a used car. It had been used by Ford Motor Company in sales promotion and was what is termed a "loan car." It had been driven at least 1750 miles. Appellee tried to rescind the trade, but appellant refused. Appellee thereafter retained the car that he had received and was still using it on the date of the trial of this case in 1965. The trial judge submitted to the jury the issues raised by the pleadings under instructions which, when read *400 together, correctly instructed the jury on the issue of liability. The jury resolved this issue in favor of appellee, and we cannot say that its decision is against the overwhelming weight of the evidence. We have examined carefully all the assignments of error relative to this question, and we find no reversible error. Touchstone v. Bond, 223 Miss. 487, 78 So.2d 463 (1955); Mayfield Motor Co. v. Parker, 222 Miss. 152, 75 So.2d 435 (1954); Rhyne v. Gammil, 215 Miss. 68, 60 So.2d 500 (1952); Brown v. Ohman, 42 So.2d 209 (Miss. 1949), sugg. err. over., 43 So.2d 727 (1949); Nash Miss. Valley Mtr. Co. v. Childress, 156 Miss. 157, 125 So. 708 (1930).
However, we do find that the trial court was in error in granting appellee's instruction No. 1 as to the measure of damages. This instruction reads as follows:
The Court instructs the jury that if you find in favor of the Plaintiff, then you may consider as his damages, if any, the difference in the value of a 1964 Galaxie Ford automobile and the reasonable sale value of a 1964 Galaxie Ford automobile which was actually sold to the Plaintiff as a "Loan car" or used automobile together with the amount of money allowed the Plaintiff for his 1955 Buick, the value being ascertained by the jury.
This instruction is erroneous in that it does not require the jury to fix the damages from the evidence in the case. However, its principal vice is that it does not furnish a proper measure of damages. It allowed the jury to assess as damages not only the difference in the value of the automobile actually received and the value had it been a new automobile as represented, but also the value of the 1955 Buick that was part of the purchase price. Appellee cites no authority in support of this measure of damages, but relies upon the opinion of the circuit judge on a motion for a new trial, wherein he stated:
This instruction seems to be rather loosely drawn but upon closer examination it clearly states to the jury what the measure of damages should be. The difference between value of a new car and the used one he got would not make the plaintiff whole. The defendant got the plaintiff's old car also in the trade. Since the plaintiff had given up his old car on the deal it would require the vzlue (sic) of the old car added to the difference between value of a new car and the used car he got to cover his damages.
We are unable to agree with the reasoning of the learned circuit judge that the difference in the value of a new car and the used one appellee received would not make him whole. The value of the Buick, whatever it was, was a part of the purchase price of the automobile actually received. To allow appellee to recover the value of the Buick simply means that he would be allowed to recover not only the difference in the value of the car and its represented value, but also a part of the purchase price. We are not aware of any rule on the measure of damages in fraud and deceit cases that would authorize a double recovery of this kind. In Hunt v. Sherrill, 195 Miss. 688, 15 So.2d 426 (1943), we discussed the various rules relative to the measure of damages in fraud and deceit cases and aligned ourselves with the majority rule known as the "benefit-of-the-bargain" rule. In all cases of misrepresentation as to the amount, quality, kind and character of the property purchased, this rule applies, and allows the party defrauded to recover the difference between the real and the represented value of the property.
In the case under consideration the only evidence relative to the difference between the value of the car received and the value of a new car as represented was the testimony of Mr. Lowry King. He stated that the difference in these values would be approximately $450. Therefore, the evidence does not support the judgment of $1000 and is not sufficient to support a judgment in excess of $500.
*401 For the reasons stated this case is affirmed as to liability, but reversed and remanded for a new trial on the question of damages unless appellee within ten days after judgment in this Court becomes final will enter a remittitur of $500. In that event a judgment will be entered here in favor of appellee in the amount of $500.
Affirmed as to liability; reversed and remanded for a new trial on the question of damages only unless the specified remittitur is entered.
GILLESPIE, P.J., and JONES, BRADY and ROBERTSON, JJ., concur.