217 So.2d 284 (1969)
William A. ALLEN, d/b/a Mendenhall Motor Company
v.
J.C. EDWARDS.
No. 45112.
Supreme Court of Mississippi.
January 6, 1969.
*285 George G. Williamson, Mendenhall, for appellant.
George B. Grubbs, Mendenhall, for appellee.
ROBERTSON, Justice:
Appellant, William A. Allen, d/b/a Mendenhall Motor Company, brought suit against Appellee, J.C. Edwards, in the Circuit Court of Simpson County, Mississippi, to recover the balance due under a conditional sales contract for the purchase of a new 1965 Ford Galaxie. Appellee filed an answer and counterclaim wherein he contended that the appellant was guilty of a breach of warranty and that appellee was entitled to damages for such breach. He claimed that his damages amounted to $2,449.93, which was the down payment and the first annual payment.
The jury returned two verdicts: "We, the Jury, find for the Defendant"; and "We, the Jury, find for the Counter Claimant against the Counter Defendant and assess his damages in the amount of ____."
The appellant contends that: (1) he was entitled to a peremptory instruction; (2) at most, the appellee was entitled to nominal damages; (3) the verdict of the jury was manifestly against the overwhelming weight of the evidence; and (4) the circuit court erred in not granting a judgment notwithstanding the verdicts, or, in the alternative, a new trial.
On May 18, 1965, J.C. Edwards purchased from Mendenhall Motor Company a new 1965 Ford Galaxie. Edwards was allowed $1,256.60 for a 1958 Pontiac traded in on the new car; he paid $59.95 in cash. He executed a Mississippi Automobile Retail Installment Contract for $3,420.99, the balance of the purchase price and carrying charges. This amount was payable in three annual installments of $1,140.33 each, due May 18, 1966, May 18, 1967, and May 18, 1968.
After delivery of the car, Appellee Edwards began to complain almost immediately of a defective fuel system. His testimony was that the car would go dead at stop lights, would flood easily, and was hard to start. He complained that raw gas fumes were noticeable inside the car. The appellant and the mechanic who worked on the car testified that, although they were never able to find anything wrong, in order to satisfy the appellee that three new carburetors had been installed and that on one occasion a complete carburetor kit was used in working on the carburetor. On each occasion a road test of the car was made, and the car was performing satisfactorily when returned to the appellee.
Edwards paid the first annual installment on May 18, 1966, but just before the second annual installment became due on May 18, 1967, Edwards informed the appellant that he would not pay this installment unless the car was fixed. Edwards admitted that *286 the fuel system was the only thing that had given trouble; that the car was satisfactory in every other respect.
On June 7, 1967, Ford Motor Credit Company, the assignee, repossessed the automobile, delivered it to the appellant, and called on the appellant for payment of the balance due by Edwards. On June 12, 1967, notice was given to the appellee by registered mail that the repossessed automobile would be sold at 10 a.m. on June 26, 1967, and appellee was advised that he could redeem the automobile or be present and bid thereon. There were no bidders at the sale except the appellant, and he bid the car in for $1,350.00. Having paid the assignee $2,233.57, the balance due on the contract, appellant sued appellee for the deficiency of $883.57. Appellee kept this automobile about two years, and he, his wife and daughter drove it 17,800 miles.
If in fact there had been a breach of warranty, there were two remedies available to appellee. He could have returned the automobile to the seller and rescinded the contract, or he could keep the car and thereby affirm the contract and recover of the seller damages for breach of warranty or recoup his damages when the seller sued him for the purchase price. Morrow v. Barron Motor Co., 229 Miss. 51, 90 So.2d 20 (1956); Missouri Bag Co. v. Chemical Delinting Co., 214 Miss. 13, 58 So.2d 71, 33 A.L.R.2d 501 (1952). It is apparent that appellee elected to pursue the latter remedy because he kept and used this car for more than two years and drove it more than 17,000 miles.
The burden of proof as to damages sustained rested upon the appellee. We said in Missouri Bag Co. v. Chemical Delinting Co., supra:
"In a case of this kind, the purchaser who seeks to recoup damages alleged to have been sustained as the result of a breach of warranty of quality of the articles purchased, must not only show with fair and reasonable certainty that the damages sought to be recouped are the direct, natural and proximate result of the breach of warranty, but the purchaser must also prove his damages with reasonable certainty." 214 Miss. at 32-33, 58 So.2d at 78. (Emphasis added).
We ruled on the question of the recoverability of consequential damages where a buyer keeps and continues to use an article in F.M.C. Corporation v. Strebeck, 196 So.2d 74 (Miss. 1967):
"Consequential damages are not recoverable under the circumstances of this case. A buyer may not accept and continue to use an article, which proves defective and which is not, or fails to perform, as warranted, and recover damages which he may sustain as a consequence of such continued use. * * *" Id. at 77.
No damages of any kind were proved by the appellee. He did prove that he, his wife and daughter had been inconvenienced, but mere inconvenience, without more, is not a proper element of damages. Yet the jury, by its verdicts, apparently attempted to assess the damages of the appellee in the exact amount of the claim of the appellant, namely, $883.57. This the jury could not do with the complete lack of proof of specific damages. Under the proved facts of this case, all the appellee was entitled to was nominal damages.
The judgment of the lower court must, therefore, be reversed, and judgment rendered here for the appellant for $883.57, less, however, $50.00, which we find the appellee and cross-appellant would be entitled to as nominal damages. The costs of this appeal should be paid one-half by the appellant and one-half by the appellee.
Judgment reversed and judgment here for appellant.
GILLESPIE, P.J., and JONES, PATTERSON, and INZER, JJ., concur.