464 P.2d 815

**TOWN & COUNTRY CHRYSLER PLYMOUTH, a corporation, Appellant,**

**v.**

**Laurence G. PORTER, Appellee.**

**1 CA–CIV 1084.**

Court of Appeals of Arizona,
Division 1.

Feb. 9, 1970.

Rehearing Denied March 6, 1970.

Review Denied April 14, 1970.

Rawlins, Ellis, Burrus & Kiewit, by Chester J. Peterson, Phoenix, for appellant.

George Sorenson, Jr., Phoenix, for appellee.

HATHAWAY, Judge.

This appeal seeks review of a $1,500 judgment in favor of Mr. Porter, plaintiff in the trial court, against the appellant-car dealer, defendant in the trial court. The plaintiff's lawsuit sought the recovery of damages for the dealer's alleged fraud in a car purchase transaction. The case was tried to a jury which returned a $1,500 verdict in favor of the plaintiff against the defendant.

On appeal, the defendant-dealer challenges (1) the sufficiency of plaintiff's proof of the requisite nine elements of fraud and (2) the amount of damages awarded by the jury. We agree with defendant that a concurrence of all nine ele-

ments are requisite to actionable fraud. Nielson v. Flashberg, 101 Ariz. 335, 419 P.2d 514 (1966). These requisite elements are: (1) A representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted upon by and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; and (9) his consequent and proximate injury. Apolito v. Johnson, 3 Ariz.App. 232, 413 P.2d 291, reh. den. 3 Ariz.App. 358, 414 P.2d 442 (1966); Union Bank v. Safanie, 5 Ariz. App. 342, 427 P.2d 146 (1967).

Briefly, the facts most favorable to the plaintiff are as follows. In August, 1967, he purchased from defendant a 1967 Plymouth Sports Fury automobile for the sum of $4,095. At the time of purchase, the defendant's salesman told the plaintiff that the car had been driven just 1,900 miles, that it had been driven by a salesman who had been "messing around with the boss' wife and they fired him," and that the car was "just like new." The plaintiff, however, inspected the odometer which read a little over 2,000 miles.

Although the plaintiff was under the impression that the car was a demonstrator vehicle, it in fact was a repossessed vehicle. A few days after he purchased the car, he found it necessary to return it to the defendant-dealer for repairs. The repair order showed, inter alia, that it was necessary to replace the battery because two cells were dead. Introduced into evidence was a "Manufacturer's Passenger Car Warranty" received by the plaintiff from the defendant in the mail a few days after the car purchase. This document showed the car mileage to be 7,000 miles. The plaintiff testified that after he had driven the car about 100 miles, the numbers on the mileage indicator "kept turning over and they kept coming up cockeyed, staggered." This indicated to him that "the speedometer had been run back" and he "started to thinking of other ways to figure out whether or not it had been run back." He therefore immediately took the car over to a Firestone Tire Dealer and had the tires inspected. The Firestone service manager examined the tires which had a life expectancy of 18,000 miles and found them to be 45% worn.

We believe there was sufficient evidence to submit the issue of fraud to the jury. There is no dispute that the car's mileage was represented as approximately 2,000 miles. (The odometer reading) The plaintiff's evidence would justify an inference that the mileage was other than that represented on the odometer, i. e., that the car had been driven 7,000 miles instead of only 2,000. The plaintiff certainly had a right to rely on the mileage representation, Carrel v. Lux, 101 Ariz. 430, 420 P.2d 564 (1966), and where, as here, the representor has a motive of monetary gain, the jury would be justified in finding an intent that the purchaser rely upon the representation. Carrel v. Lux, supra; Restatement, Torts § 531, comment (a). Furthermore, if the jury found that the mileage representation was intended to cause the plaintiff to act in reliance thereon, it could infer the requisite intent to deceive. Union Bank v. Safanie, supra. Under the circumstances of this transaction, we believe that knowledge of the falsity of the representation may be imputed to the dealer. Richard v. A. Waldman & Sons, Inc., 155 Conn. 343, 232 A.2d 307 (1967); Mayfield Motor Company v. Parker, 222 Miss. 152, 75 So.2d 435 (1954); Aaron v. Hampton Motors, Inc., 240 S.C. 26, 124 S. E.2d 585 (1962).

If the jury believed that the speedometer had been turned back, thereby misrepresenting the mileage of the vehicle, it would be justified in finding that the defendant-dealer had perpetrated a fraud. See Jones v. West Side Buick Auto Co., 231 Mo.App. 187, 93 S.W.2d 1083 (1936).

The defendant challenges the plaintiff's evidentiary showing of damage. Under the "benefit of the bargain" rule, a defrauded purchaser is entitled to recover the difference between the actual value of the

**372**

property and the value it would have had if it had been as represented. Carrel v. Lux, supra; Smith v. Don Sanderson Ford, Inc., 7 Ariz.App. 390, 439 P.2d 837 (1968). The plaintiff's testimony was to the effect that, had the car been as represented, it was worth $4,095, the contract price. However, had he known that its mileage was 7,000 miles, its value to him would only have been $2600 or $2700.

As the owner of the vehicle in question, the plaintiff was qualified to give his opinion as to the difference in value. Sarwark Motor Sales, Inc. v. Husband, 5 Ariz.App. 304, 426 P.2d 404 (1967); Lewis v. Worldwide Imports, Inc., 238 Or. 580, 395 P.2d 922 (1964). The defendant made no effort to cross-examine him as to the basis for his opinion and therefore cannot now complain that the jury accepted it. Blecick v. School District No. 18 of Cochise County, 2 Ariz.App. 115, 406 P.2d 750 (1965). Furthermore, the defendant's attack goes merely to the weight of the plaintiff's testimony, and since the jury's verdict was the value difference testified to by the plaintiff (we consider the $5.00 difference *de minimis*), there is no basis for appellate interference. Sarwark Motor Sales, Inc. v. Husband, supra.

The defendant's final claim is that the damages award is excessive. It contends that the jury ignored the testimony that it had paid $3,350 for the vehicle and had allowed the plaintiff $531 more on his trade-in car than it was worth. We reiterate that the difference in value as of the date of purchase was the measure of damages to be applied in this case. The jury apparently believed the plaintiff's testimony with regard thereto. Neither the price paid by the defendant for the car nor the sum allowed the plaintiff on his trade-in are determinative of the value issue.

Finding no error in the proceedings below, the judgment is affirmed.

HOWARD, C. J., and KRUCKER, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120(E).