527 P.2d 513
**SCOTT IMPORTS, Appellant,**

v.

**Marjorie F. ORTON, Appellee.**

**No. 1 CA–CIV 2144.**

Court of Appeals of Arizona,
Division 1,
Department A.

Oct. 29, 1974.

Rawlins, Ellis, Burrus & Kiewit, by Chester J. Peterson, Phoenix, for appellant.

Ziman, Jones & Zelma by Meyer L. Ziman and John H. Budd, Jr., Phoenix, for appellee.

## OPINION

STEVENS, Judge.

This is an appeal to review a trial court judgment in favor of plaintiff-appellee Marjorie F. Orton in the sum of $875.00 compensatory damages and $10,000 in punitive damages against the defendant-appellant Scott Imports. The plaintiff brought suit to recover damages for the fraud of Scott Imports in a car purchase transaction. The case was tried to the jury which returned the verdict in favor of plaintiff against the defendant. On appeal Scott Imports challenges the trial court's decisions: (1) to permit the jury to consider the question of fraud on the part of the defendant Scott Imports, a corporation, after the trial court had directed a verdict in favor of the corporation's agent, Jack Briggs, who was the only employee alleged to have made false and fraudulent representations; and (2) to submit the question of punitive damages to the jury.

The facts most favorable to the plaintiff are as follows. Mrs. Orton went to Scott Imports to look at automobiles on 24 January 1971, talked with an unknown salesman and left without finding a car she wished

to purchase. She returned the following afternoon and met Briggs, a salesman for the defendant, who showed her the 1969 Toyota which she eventually purchased. Briggs told her that the automobile was exceptionally good because it was a 1969 Toyota and had only 22,000 miles on it. Mrs. Orton looked at the odometer and confirmed Briggs' statement. She returned to the dealership on the same evening accompanied by her son Barry Orton. Barry drove the car and approved the purchase. She spoke to Hicks [1], the sales manager, because Briggs was off duty, about financing the car for payments of $50.00 a month. Hicks said he could arrange financing on a payment basis that she could afford. When she returned the following night she was told that the car could not be financed for such low payments but after speaking to Bruce Wallace, the president of the company, they arranged the financing in payments of $60.00 a month. During these negotiations her son mentioned to Hicks that the odometer numbers seemed to be out of alignment and he was assured by Hicks that this is not unusual with Toyota automobiles.

Appellant argues that since the trial court directed a verdict in favor of Briggs, an employee of the corporation, the corporation as principal could not be guilty of fraud since Briggs was the only employee alleged to have made the false and fraudulent representations. We believe that appellant's assertion is unduly restrictive. The pleadings conclusively show that the plaintiff alleged that both Briggs and Scott Imports made the misrepresentations.

■ The trial court directed a verdict in favor of Briggs at the conclusion of the plaintiff's case because there was no showing that Briggs knew of the falsity of the representation. We do not agree that this is fatal to plaintiff's case. An innocent agent "is not affected by the knowledge of facts which the principal or another agent has and which, if known to him, would cause his representations to be fraudulent."

Restatement Second of Agency § 348, Comment b. Wallace testified that to his knowledge no one at Scott Imports changed the odometer on their used cars. In contrast to that, the plaintiff testified that she purchased the 1969 Toyota with 22,000 on the odometer. A witness for the plaintiff, John Grosenheider, testified that he was the previous owner of that same Toyota and that he traded that car for a new model with Scott Imports and that at that time, the odometer reading was 42,000 miles. Another witness, Wesley Stahles, testified that he traded a 1968 Chevrolet to Scott Imports with approximately 68,000 miles on the odometer and Richard Baker testified to purchasing the same Chevrolet from Scott Imports with an odometer reading of between 39,000 to 40,000 miles on it. The plaintiff also called the Title Record Supervisor of the Motor Vehicle Division for the Arizona Highway Department who testified that these witnesses were the successive record owners of these automobiles and that there were no intervening owners during the time in question.

■ The jury obviously believed the testimony of plaintiff's witnesses and imputed the knowledge of the falsity of the representation to Scott Imports. Plaintiff's witnesses established that two cars had a certain mileage on the odometer when traded in and subsequently, while these cars were under Scott Import's sole control, these same cars were purchased with a substantially lower mileage reading on the odometer. We hold that the plaintiff, as a used car buyer, has the right to rely on the odometer as an indicia of the use that the used car has been subjected to. The circumstances of the case would support such imputed knowledge of falsity to Scott Imports. Town and Country Chrysler Plymouth v. Porter, 11 Ariz.App. 369, 464 P.2d 815 (1970).

■ Appellant further argues that the plaintiff failed to prove the nine elements of fraud required to be proven by clear

---

1. His full name does not appear in the record.

**356**

and convincing evidence. The trial court properly instructed the jury as to the nine elements of fraud. The court also instructed the jury that the elements of fraud must be proven by clear and convincing evidence. By its verdict, the jury found that the elements of fraud were proven by clear and convincing evidence. In denying the appellant's motion for a new trial, the trial court had to find that the plaintiff proved the elements of fraud by clear and convincing evidence. We concur. Madison Chevrolet, Inc. v. Donald, 109 Ariz. 100, 505 P.2d 1039 (1973); Sarwark Motor Sales, Inc. v. Husband, 5 Ariz.App. 304, 426 P.2d 404 (1967).

■ The second question on review is whether the trial court erred in submitting the question of punitive damages to the jury. Appellant contends that there was no evidence that the conduct of defendant was "either aggravated, outrageous, wanton or malicious" and thus punitive damages were not proper. We disagree. Our Supreme Court adopted the viewpoint expressed in King v. O'Rielly Motor Company, 16 Ariz.App. 518, 494 P.2d 718 (1972), where Judge Howard stated:

"In noting that punitive damages were properly awarded in Sarwark, where the defendant repeatedly contended that his company did not turn back the mileage on a car, and in Lewis v. Worldwide Imports, Inc., supra, where the defendant sold a previously wrecked car as 'a demonstrator in the condition of a new car,' we believe that a review of the record herein supports a jury finding that O'Rielly conducted itself with 'reckless indifference to the interests of others,' Nielsen v. Flashberg, supra; McNelis v. Bruce, 90 Ariz. 261, 367 P.2d 625 (1961); and that such conduct is in violation of societal interest to such an extent as to warrant punishment so as to deter further wrongdoing. (Citations omitted)." Madison Chevrolet, Inc. v. Donald, 109 Ariz. 100, 103, 505 P.2d 1039, 1042 (1973).

The record before us supports a jury finding that Scott Imports conducted itself with "reckless indifference to the interests of others" and the trial court did not err in submitting the question of punitive damages to the jury. We affirm.

DONOFRIO, P. J., and OGG, J., concur.